ORIGINAL
FILED
2008 NOV 10 P 4: 11
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

GONZALEZ & LEIGH, LLP
MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
BRYAN W. VERESCHAGIN (SBN 188608)
BRIAN BRAZIER (SBN 245004)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

Attorneys for Defendant
SUSAN POLGAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JCS

| | |
|---|---|
| UNITED STATES OF AMERICA CHESS FEDERATION, an Illinois non-for profit corporation, RANDALL D. HOUGH, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SUSAN POLGAR, an individual, GREGORY ALEXANDER, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 08 5126<br><br>**NOTICE OF REMOVAL OF ACTION: UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION AND DIVERSITY)** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant SUSAN POLGAR hereby removes to this Court the state court action described below.

1. On October 24, 2008, an action was commenced in the Superior Court of the State of California for the City and County of San Francisco. entitled United States of America Chess

Federation and Randall D. Hough, Plaintiffs, vs. Susan Polgar, Gregory Alexander, and Does 1-10, Defendants, as case number CGC-08-476777, hereto attached as Exhibit "A".

2. The first date upon which defendant Susan Polgar received a copy of the complaint was October 24, 2008, when defendant was served a copy of the complaint and a summons from state court.

3. The action is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed by defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it arises under 18 U.S.C. § 2510, 18 U.S.C. § 2701, and 18 U.S.C. § 1030.

4. This court also has original jurisdiction under 28 U.S.C. § 1332, and the case may be removed by defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.

5. Complete diversity of citizenship exists in that: Plaintiff United States of America Chess Federation is a non-for-profit corporation organized under the laws of the State of Illinois and having its principal place of business in the State of Tennessee; Plaintiff Randall Hough is a citizen of the State of California; Defendant Susan Polgar is a citizen of the State of Texas; Defendant Gregory Alexander is a citizen of the State of Washington.

6. There is only one other defendant in this case, Gregory Alexander. Defendant Susan Polgar is informed and believes that Defendant Alexander has not been properly served with summons and complaint in this matter. Defendant Polgar has contacted Mr. Alexander, who has stated that he would not contest to or object to removal if properly served.

DATED: November 10, 2008

GONZALEZ & LEIGH, LLP

By
BRIAN BRAZIER
Attorney for Defendant
SUSAN POLGAR

# EXHIBIT A

COPY

KRONENBERGER BURGOYNE, LLP
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Margarita Calpotura (CA Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kronenbergerlaw.com
jeff@kronenbergerlaw.com
margarita@kronenbergerlaw.com

Attorneys for Plaintiffs
United States of America Chess Federation, Inc.
and Randall D. Hough

FILED
Superior Court of California
County of San Francisco
OCT 2 4 2008
GORDON PARK-LI, Clerk
BY: Deputy Clerk

CALIFORNIA SUPERIOR COURT
COUNTY OF SAN FRANCISCO

| | |
|---|---|
| UNITED STATES OF AMERICA CHESS FEDERATION, INC., an Illinois not-for-profit corporation, RANDALL D. HOUGH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SUSAN POLGAR, an individual, GREGORY ALEXANDER, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CGC-08-476777<br><br>FIRST AMENDED COMPLAINT FOR<br>(1) VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT;<br>(2) VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT;<br>(3) CALIFORNIA STATUTORY COMPUTER FRAUD;<br>(4) CONVERSION<br><br>JURY TRIAL DEMANDED |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Plaintiffs UNITED STATES OF AMERICA CHESS FEDERATION, INC., *dba*, the United States Chess Federation ("USCF") and RANDALL D. HOUGH ("Hough") bring this First Amended Complaint against Defendants SUSAN POLGAR ("Polgar"), GREGORY ALEXANDER ("Alexander") and DOES 1 - 10 ("DOES") (collectively, "Defendants").

## INTRODUCTION

1. This case involves the highly confidential, sensitive, and attorney-client privileged communications of board members of the sixty-nine year old non-profit corporation, the United States Chess Federation.

2. Specifically, Polgar, a board member of USCF, and her co-conspirator Alexander, used a stolen password to surreptitiously access the email account of Hough, also a USCF board member, over 100 times during the course of eight months. Additionally, Defendants viewed, misappropriated, and distributed to third parties much of the email content they unlawfully accessed. These materials included highly sensitive and attorney-client privileged materials, some of which addressed USCF's investigation of alleged wrongdoing of Defendant Polgar and her husband, Paul Truong.

3. As a result of Defendants' misconduct, Plaintiffs bring this action, alleging violations of the Electronic Communications Privacy Act, the Computer Fraud and Abuse Act, the California Computer Crimes Act, and common law conversion.

## PARTIES

4. Plaintiff USCF is an Illinois not-for-profit corporation in good standing, with its principal place of business in Crossville, Tennessee. USCF is governed by a seven-person executive board ("Executive Board").

5. Plaintiff Hough is, and at all times material hereto was, an individual residing in California and is a member of the Executive Board.

6. Upon information and belief, Defendant Polgar is, and at all times material hereto was, an individual residing in Lubbock, Texas. Susan Polgar is also a member of the Executive Board.

7. Upon information and belief, Defendant Alexander is, and at all times

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

material hereto was, an individual residing in Seattle, Washington.

8. Polgar and Alexander are business partners in multiple ventures in the chess world, and Polgar and Alexander have publicly disclosed their business connection. Defendant Alexander has publicly admitted that he is an agent for Defendant Polgar, stating that Polgar "hired" him. On information and belief, Polgar and Alexander exchanged possession of emails stolen from Hough's email account, pursuant to a common goal. In engaging in this and other misconduct described herein, Polgar and Alexander worked cooperatively with a common purpose and goal.

9. Plaintiffs do not know the true names and capacities, whether individual, associate, corporate or otherwise, of the other Defendants sued herein as DOES 1-10, inclusive, and Plaintiffs therefore sue said other Defendants by such fictitious names pursuant to Section 474 of the California Code of Civil Procedure.

10. This first amended complaint constitutes a substitution of true party names in this action, replacing two Doe defendants, pursuant to Section 474 of the California Code of Civil Procedure. Plaintiffs will amend this Complaint to state the true names and capacities of further Doe Defendants once they have been discovered. Plaintiffs are informed and believe, and, on that basis, allege that each Doe Defendant sued herein by a fictitious name is in some way liable and responsible to Plaintiffs on the facts herein alleged for Plaintiffs' damages.

11. Whenever in this Complaint reference is made to the acts of Polgar, Alexander, or Does 1-10, that allegation shall refer collectively to all Defendants who, as more fully alleged below, are, upon information and belief, co-conspirators and/or are engaged in an express or implied principal/agent relationship whereby individual defendants operated under actual or ostensible authority to perform the acts so alleged, and/or whereby individual defendants authorized, aided, abetted, furnished the means to, advised, or encouraged the acts of the other individual defendants.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to the California

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Constitution, Article VI, §10.

13. This Court has personal jurisdiction over Defendants because Defendants engaged in their unlawful conduct in California. Specifically, Defendants unlawfully accessed, viewed, and copied data on an email server owned by Yahoo!, Inc., located in California, and unlawfully distributed this stolen data on an Internet blog website Defendants created on a server owned by Google, Inc., also located in California. Additionally, Defendants attempted to "cover their digital tracks" and hide their wrongdoing through the use of an Internet "anonymizing" service located in California, with which Defendants entered a contract for services. Defendants' intentional and unlawful misconduct, as alleged more fully herein, was performed in California, and the deleterious effects of such misconduct were felt by Plaintiffs, one of whom resides in California.

14. Venue is proper under Cal. Code Civ. Proc. §395 because none of the Defendants resides in California, or the county in which Defendants reside is unknown. Accordingly, Plaintiffs designate San Francisco Superior Court as the venue where this action may be tried.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

## GENERAL ALLEGATIONS

15. The USCF is the official, not-for-profit U.S. membership organization for chess players and chess supporters of all ages and strengths, from beginners to Grandmasters. The USCF represents the United States in the World Chess Federation (FIDE), connecting U.S. members to chess players around the world. Founded in 1939 with the merger of the American Chess Federation and the National Chess Federation, the USCF has grown to over 80,000 members and 2,000+ affiliated chess clubs and organizations today. The USCF sanctions thousands of tournaments with over half a million officially rated games annually. Twenty five USCF-sanctioned National Championship events award titles to both amateurs and professionals, ranging from elementary school students to senior citizens. Over fifty USCF-member Grandmasters (one out of every eight Grandmasters in the world) represent the U.S. internationally, and

USCF supports the participation of Americans in official FIDE championship events at all levels. USCF also publishes the award-winning monthly magazine Chess Life and the bimonthly Chess Life for Kids.

16. USCF is governed by a Board of Delegates, composed of a seven-member Executive Board, Delegates at Large, and 125 Delegates apportioned among U.S. states. The seven-member Executive Board functions as a "board of directors," tasked with managing the affairs of the USCF.

17. In September, 2007, allegations of misconduct were made against Polgar's husband, and Executive Board member, Paul Truong ("Truong"). Truong was alleged to have impersonated another USCF Executive Board member and other USCF members in over 2500 Internet message board postings. Because these allegations involved one board member impersonating another board member in the run-up to the election of the Executive Board, and because the allegations, if true, involved conduct not conforming to the values of the USCF, the USCF launched an investigation into the allegations against Truong and his wife, Polgar[1].

18. As a result of the 2500 Internet postings, one of the Executive Board members who had been impersonated in the postings filed an action in District Court for the Southern District of New York, against, among others, Polgar, Truong, and USCF (the "New York Litigation").

19. As part of USCF's investigation and to prepare for the New York litigation against USCF, USCF hired the law firm of Kronenberger Burgoyne, LLP ("Kronenberger") to review and investigate the allegations against Polgar and Truong. To effect this investigation, the Executive Board designated a "Litigation Committee," which excluded Polgar and Truong, to permit confidential communications about the investigation and about USCF's legal options.

[1] Truong was elected as a member of the Executive Board in July 2007. Accordingly, he was not a member of the Executive Board at the time of many of the Internet postings; however, he was a member of the Executive Board at the time the allegations were first made against him.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

20. From November 2007 through June 2008, Kronenberger performed a significant review of the facts and law regarding the controversy, and during this period, Kronenberger sent a significant number of emails to the Litigation Committee (which included Hough), providing the initial results of Kronenberger's investigation, confidential summaries of the USCF's legal position vis-à-vis Polgar and Truong, and outlines of the legal options available to USCF regarding Polgar and Truong.

21. All of the emails from Kronenberger to the Litigation Committee were clearly marked as from Kronenberger and contained the following notice:

> NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited. If you are not the intended recipient, please contact the sender at the above number and delete all copies. Inadvertent waiver shall waive no privileges.

22. Polgar and, on information and belief, the other Defendants, were aware that USCF had engaged Kronenberger as counsel.

23. Between November 26, 2007 and June 24, 2008, with full knowledge that Polgar and her husband were under investigation by the USCF, Defendants unlawfully accessed Hough's email at least 111 times. During these break-ins, Defendants viewed and copied the confidential emails between and among Kronenberger and the Litigation Committee, and between and among members of the Litigation Committee. Additionally, Defendants distributed portions of these confidential communications to third parties. Defendants engaged in the following specific misconduct to effect their overall plan of accessing, copying, and publishing USCF's confidential communications.

a. On information and belief, Defendants gained unlawful access to the password for Hough's Yahoo! email account. Hough never provided his password to Defendants, and Hough never consented to the use of his password by any third party.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

b. Between November 26, 2007 and June 24, 2008, Defendants used Hough's password to log into Hough's email account at least 111 times. Hough's email account is held at Yahoo!, which is located in the District.

c. During Defendants' unauthorized access to Hough's email account, on information and belief, Defendants viewed hundreds of emails sent by and between the Litigation Committee, as they were received by Hough.

d. Defendants have proffered a variety of "cover stories" to the Executive Board to explain how they came into possession of these confidential communications. For example, after Defendants provided the Executive Board members excerpts from the confidential communications, Defendants claimed to have obtained these excerpts as a result of a "leak" by one of the Executive Board members. However, the truth is that Defendants obtained these confidential communications by unlawfully using Hough's email password and accessing Hough's email account.

e. After viewing and copying USCF's confidential communications, Defendants created a blog with the Google-owned service, Blogspot.com. Google, Inc. is located in the District. Defendants' blog was entitled, USCF-Sald.Blogspot.com (the "Blog"). Defendants published some of the confidential communications taken from Hough's email account on this Blog for third parties to view. At various times, Defendants have described the Blog as their source of the confidential emails in an effort to hide the fact that Defendants themselves stole and distributed these emails.

f. Additionally, Defendants published some of the confidential communications on a website entitled chessdiscussion.com.

g. At no time did Defendants have any permission or privilege to access Hough's email account, to view any emails to or from Hough, to copy any emails to or from Hough, or to distribute any emails to or from Hough.

h. On information and belief, all of the email communications that were

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

viewed, copied and distributed by Defendants were emails that were sent or received by Hough in his capacity as an Executive Board member for USCF.

24. Separate from the Yahoo! email intrusions alleged above, on October 26, 2007, Defendants unlawfully accessed a server owned by USCF, using the username and password of another Executive Board member, Bill Goichberg ("Goichberg"). Defendants engaged in the following specific misconduct:

a. USCF maintains a private message board system on its servers located at www.uschess.org.

b. On information and belief, Defendants gained unlawful access to the password for Goichberg for this system. Goichberg never provided his password to Defendants and never consented to any use of his password by any third party.

c. On information and belief, on October 26, 2007, Defendants used Goichberg's password to log on to Goichberg's account at www.uschess.org.

d. Defendants made multiple postings on the www.uschess.org website, impersonating Goichberg.

25. On information and belief, for all of the above-described misconduct, Defendants conspired together and acted cooperatively to fulfill their objective of obtaining, reviewing, and disseminating Plaintiffs' confidential communications, and to gain unlawful access to the USCF servers.

FIRST CAUSE OF ACTION

***Violation of the Electronic Communication Privacy Act, 18 U.S.C. §2510 et. seq.; 18 U.S.C. §2701 et. seq.***

26. Plaintiffs repeat, reallege and incorporate each and every allegation set forth in paragraphs 1 through 25 of this Complaint.

27. Defendants intentionally intercepted, endeavored to intercept, and/or

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

procured other persons to intercept or endeavor to intercept electronic communications between and among Plaintiffs.

28. Defendants intentionally accessed without authorization a facility through which an electronic communication service is provided and obtained unauthorized access to Plaintiffs' electronic communications while they were in electronic storage.

29. Defendants intentionally disclosed and endeavored to disclose to other persons the contents of electronic communications between and among Plaintiffs when Defendants knew or had reason to know that the information was obtained through the interception of electronic communications in violation of the law.

30. Defendants intentionally used and endeavored to use the contents of electronic communications between and among Plaintiffs when Defendants knew or had reason to know that the information was obtained through the interception of electronic communications in violation of the law.

31. Plaintiffs never provided consent or any other authorization to Defendants to engage in any of the above-described misconduct.

32. As a direct and proximate result of the actions, conduct, and practices of Defendants' alleged above, Plaintiffs have suffered, and will continue to suffer, damages and irreparable harm.

## SECOND CAUSE OF ACTION

### *Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030*

33. Plaintiffs repeat, reallege and incorporate each and every allegation set forth in paragraphs 1 through 25 of this Complaint.

34. The email servers of USCF's Executive Board members are used in interstate commerce and/or interstate communication and constitute a protected computer under 18 U.S.C. § 1030.

35. Defendants have intentionally accessed USCF's protected computers without authorization, or in excess of the scope of authorized access, and by doing so and through interstate communication, have improperly obtained information.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

43. As a direct and proximate result of the actions, conduct, and practices of Defendants' alleged above, Plaintiffs have suffered, and will continue to suffer, damages and irreparable harm.

## FOURTH CAUSE OF ACTION

### Conversion

44. Plaintiffs repeat, reallege and incorporate each and every allegation set forth in paragraphs 1 through 25 of this Complaint.

45. USCF and its Executive Board take and have taken reasonable steps to maintain the confidentiality of its email communications.

46. Defendants, through unlawful means, gained dominion and control over confidential emails belonging to Hough, USCF and/or its Executive Board. Defendants had no authorization or privilege to gain such dominion and control over such confidential emails.

47. As a consequence, Plaintiffs have suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor on each and every cause of action set forth above and award them relief including, but not limited to, the following:

1. An injunction permanently restraining Defendants from unlawfully accessing the email accounts of USCF and its employees, officers, Executive Board members, delegates and attorneys;
2. An award that is the greater of:
   a. Statutory damages pursuant to 18 U.S.C. §2520 (c)(2)(B); or
   b. An award of compensatory damages in an amount to be determined at trial;
3. An award of punitive damages, in an amount to be determined at trial but no less than $1 million, to serve as a punishment and deterrent in light of

Defendants' substantial wrongful acts, pursuant to California Penal Code §502(e)(4) and 18 U.S.C. §2707(c);

4. An award of pre- and post-judgment interest on all compensatory damages;

5. An award of reasonable costs and attorneys' fees incurred by Plaintiffs in connection with litigation concerning Defendants' wrongful acts as alleged herein, pursuant to 18 U.S.C. §2520 (b)(3), 18 U.S.C. §2707(c), and California Penal Code §502(e)(2); and

6. Such other further relief to which Plaintiffs may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues so triable in this action.

Respectfully Submitted,

DATED: October 24, 2008

KRONENBERGER BURGOYNE, LLP

By: ______________________
Karl S. Kronenberger
Attorneys for Plaintiffs
United States of America Chess Federation, Inc.
and Randall D. Hough

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com