GONZALEZ & LEIGH, LLP
MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
MATT SPRINGMAN (SBN
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

Attorneys for Defendant
SUSAN POLGAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA CHESS FEDERATION, INC., an Illinois not-for-profit corporation, RANDALL D. HOUGH, an individual,

Plaintiffs,

v.

SUSAN POLGAR, an individual, GREGORY ALEXANDER, an individual, and DOES 1-10, inclusive,

Defendants.

Case No. 3:08-cv-05126-MHP

**DEFENDANT SUSAN POLGAR'S ANSWER TO FIRST AMENDED COMPLAINT FOR VIOLATION FOR**

1. **VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT;**
2. **VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**
3. **CALIFORNIA STATUTORY COMPUTER FRAUD**
4. **CONVERSION**

**JURY TRIAL DEMANDED**

## ANSWER

Susan Polgar responds as follows to the First Amended Complaint filed against her by the United States of America Chess Federation, Inc. ("USCF") and Randall D. Hough ("Hough"), (collectively, "Plaintiffs") as follows:

1. Answering paragraph 1, Ms. Polgar admits that the USCF is a non-profit corporation. Except as expressly admitted, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and on that basis generally and specifically denies the allegations.

2. Answering paragraph 2, Ms. Polgar admits that she is a board member of the USCF. Ms. Polgar also admits that Hough is a board member of the USCF. Ms. Polgar denies that she used a stolen password to surreptitiously access the email account of Hough over 100 times during the course of eight months, and denies that she viewed, misappropriated and distributed to third parties any email content unlawfully. Except as expressly admitted and denied above, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and on that basis generally and specifically denies the allegations.

3. Answering paragraph 3, Ms. Polgar denies that she engaged in misconduct. Ms. Polgar admits that Defendants purport to bring this action under the Electronic Communications Privacy Act, the Computer Fraud and Abuse Act, the California Computer Crimes Act, and common law conversion. Except as expressly admitted, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and on that basis generally and specifically denies the allegations.

4. Answering paragraph 4, Ms. Polgar admits that the USCF is an Illinois not-for-profit corporation in good standing with its principal place of business in Crossville, Tennessee. Ms. Polgar also admits the USCF is governed by a seven-person executive board ("Executive Board")

5. Answering paragraph 5, Ms. Polgar admits that she resides in Lubbock, Texas. Except as expressly admitted, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and on that basis generally and specifically denies the allegations.

6. Answering paragraph 6, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and on that basis generally and specifically denies the allegations.

7. Answering paragraph 7, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "Defendant Alexander has publicly admitted that he is an agent for Defendant Polgar," or that Mr. Alexander "stat[ed] that Polgar 'hired him'". Except as above denied for lack of knowledge and information, Ms. Polgar generally and expressly denies the allegations of paragraph 7.

8. Answering paragraph 8, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and on that basis generally and specifically denies the allegations of paragraph 8.

9. Answering paragraph 9, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis generally and specifically denies the allegations of paragraph 9.

10. Answering paragraph 10, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and on that basis generally and specifically denies the allegations of paragraph 10.

11. Answering paragraph 11, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and on that basis generally and specifically denies the allegations of paragraph 11.

12. Answering paragraph 12, Ms. Polgar, denies that the San Francisco Superior Court has jurisdiction over this matter, which has been removed to the United States District Court for the Northern District of California.

13. Answering paragraph 13, Ms. Polgar denies Plaintiffs' claim that she engaged in the "unlawful conduct" alleged by Plaintiffs, that she unlawfully accessed, viewed, and copied data on an email serve owned by Yahoo!, Inc., that she unlawfully distributed stolen data on a Internet blog website, that she attempted to "'cover [her] digital tracks' through the use of an

Internet 'anonymizing' service located in California. Ms. Polgar also denies that she engaged in any misconduct in California and denies Plaintiffs' claim that the San Francisco Superior Court had jurisdiction based upon any of the above-listed allegations contained in paragraph 13. Except as expressly denied above, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and on that basis generally and specifically denies the allegations.

14. Answering paragraph 14, Ms. Polgar admits that none of the Plaintiffs reside in California. Except as expressly admitted, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis generally and specifically denies the allegations. Ms. Polgar also denies that venue is proper in California, because this matter arises out of facts already being litigated in the Northern District of Texas, Case No. 5:08-CV-169-C and because Plaintiffs' claims largely implicate or duplicate allegations raised in the counterclaim raised by one of the defendants in that action. This Court therefore may transfer this matter to the Northern District of Texas under 28 U.S.C. Section 1406(a) and 28 U.S.C. Section 1404(a).

15. Answering paragraph 15, Ms. Polgar admits the allegations of paragraph 15.

16. Answering paragraph 16, Ms. Polgar admits the allegations of paragraph 16.

17. Answering paragraph 17, Ms. Polgar admits that false allegations of misconduct were raised against her in September 2007. Except as expressly admitted, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and on that basis generally and specifically denies the allegations.

18. Answering paragraph 18, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and on that basis generally and specifically denies the allegations.

19. Answering paragraph 19, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and on that basis generally and specifically denies the allegations.

20. Answering paragraph 20, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and on that basis generally and specifically denies the allegations.

21. Answering paragraph 21, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and on that basis generally and specifically denies the allegations.

22. Answering paragraph 22, Ms. Polgar admits that at some point in time she was aware that USCF purported to have retained Kronenberger as counsel. Except as expressly admitted above, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and on that basis generally and specifically denies the allegations.

23. Answering paragraph 23, Ms. Polgar generally and specifically denies the allegations thereof. Without limiting the generality of the foregoing denial, Ms. Polgar denies that she or her husband unlawfully accessed Hough's email. Ms. Polgar also denies that she or her husband viewed or copied any confidential emails between Kronenberger and the Litigation Committee. Ms. Polgar also denies that any effective Litigation Committee was ever established by the USCF under the governing rules of the USCF's by-laws. Ms. Polgar also denies that she or her husband distributed "[those] confidential communications" to third parties.

24. Answering paragraph 23, Admits that USCF maintains a message board system on its servers located at www.uschess.org. Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Goichberg never provided his password to Defendants and never consented to any use of his password by any third party", as Plaintiffs allege the existence of Doe defendants unknown to Ms. Polgar. Except as expressly admitted and denied for lack of knowledge and information above, Ms. Polgar generally and specifically denies the allegations thereof.

25. Answering paragraph 25, Ms. Polgar generally and specifically denies the allegations thereof.

**FIRST CAUSE OF ACTION**

26. Answering paragraph 26, Ms. Polgar admits that Plaintiffs state that they repeat, reallege and incorporate the preceding paragraphs. Except as expressly admitted or denied for lack of knowledge and information above, Ms. Polgar generally and specifically denies the allegations of paragraph 26.

27. Answering paragraph 27, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

28. Answering paragraph 29, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations thereof. Ms. Polgar generally and specifically denies the allegations thereof.

29. Answering paragraph 29, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

30. Answering paragraph 30, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegation generally and specifically denies the allegations thereof.

31. Answering paragraph 31, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

32. Answering paragraph 32, Ms. Polgar generally and specifically denies the allegations thereof.

**SECOND CAUSE OF ACTION**

33. Answering paragraph 33, Ms. Polgar admits that Plaintiffs state that they repeat, reallege and incorporate the preceding paragraphs. Except as expressly admitted or denied for lack of knowledge and information above, Ms. Polgar generally and specifically denies the allegations of paragraph 33.

34. Answering paragraph 34, Ms. Polgar lacks knowledge or information sufficient to form a belief as to the truth of the allegations thereof.

35. Answering paragraph 35, Ms. Polgar generally and specifically denies the allegations thereof.

36. Answering paragraph 36, Ms. Polgar generally and specifically denies the allegations thereof.

37. Answering paragraph 37, Ms. Polgar generally and specifically denies the allegations thereof.

38. Answering paragraph 38, Ms. Polgar generally and specifically denies the allegations thereof.

**THIRD CAUSE OF ACTION**

39. Answering paragraph 39, Ms. Polgar admits that Plaintiffs state that they repeat, reallege and incorporate the preceding paragraphs. Except as expressly admitted or denied for lack of knowledge and information above, Ms. Polgar generally and specifically denies the allegations of paragraph 39.

40. Answering paragraph 40, Ms. Polgar generally and specifically denies the allegations thereof.

41. Answering paragraph 41, Ms. Polgar generally and specifically denies the allegations thereof.

42. Answering paragraph 42, Ms. Polgar generally and specifically denies the allegations thereof.

43. Answering paragraph 43, Ms. Polgar generally and specifically denies the allegations thereof.

**FOURTH CAUSE OF ACTION**

44. Answering paragraph 44, Ms. Polgar admits that Plaintiffs state that they repeat, reallege and incorporate the preceding paragraphs. Except as expressly admitted or denied for lack of knowledge and information above, Ms. Polgar generally and specifically denies the allegations of paragraph 44.

45. Answering paragraph 45, Ms. Polgar generally and specifically denies the allegations thereof.

46. Answering paragraph 46, Ms. Polgar generally and specifically denies the allegations thereof.

47. Answering paragraph 47, Ms. Polgar generally and specifically denies the allegations thereof.

48.

**SUSAN POLGAR'S AFFIRMATIVE DEFNSES TO PLAINTIFFS' COMPLAINT**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

49. Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Ms. Polgar.

**SECOND AFFIRMATIVE DEFENSE**

**(Fair Use)**

50. Plaintiffs' Complaint is barred by the defense of fair use.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

51. Plaintiffs' Complaint is barred by the equitable doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

52. Plaintiffs' Complaint is barred by the First Amendment to the United States Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

53. Plaintiffs' Complaint is barred due to Plaintiffs' unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Knowledge, Consent and Acquiescence)**

54. Plaintiffs' Complaint is barred by Plaintiffs' knowledge, consent and acquiescence.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Authorization)**

55. Ms. Polgar is informed and believes that Plaintiffs and thereon alleges that Plaintiffs' complaint is premised upon the alleged acquisition, review and /or disclosure of electronic communications to which all members of the USCF's Executive Board, including Ms. Polgar, had authorized access.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Privilege)**

56. Plaintiffs' claims are barred under the litigation privilege provided under California Civil Code Section 47(b).

**PRAYER FOR RELIEF**

Susan Polgar respectfully requests judgment as follows:

1. That Plaintiffs recover nothing by their Complaint;
2. For costs and attorneys fees as allowed by statute; and
3. Such other and further relief as the Court shall find just and proper.

//////

//////

//////

**DEMAND FOR JURY TRIAL**

Under Rule 38(b) of the Federal Rules of Civil Procedure and Civil Local Rules 3-6 of the United States District Court for the Northern District of California. Susan Polgar hereby demands a trial by jury of all issues properly triable by jury.

Dated: December 1, 2008

GONZALEZ & LEIGH, LLP

By: */s/ G. Whitney Leigh*
G. Whitney Leigh
Attorneys for Defendant
SUSAN POLGAR