**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiffs UNITED STATES OF
AMERICA CHESS FEDERATION, INC. and
RANDALL D. HOUGH

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA CHESS FEDERATION, INC.,** *et al*,<br><br>           Plaintiffs,<br>     v.<br><br>**SUSAN POLGAR,** *et al.*,<br><br>           Defendants. | Case No. 3:08-CV-05126-MHP<br><br>**PLAINTIFFS' REQUEST FOR LEAVE TO FILE SURREPLY; PLAINTIFFS' [PROPOSED] CONSOLIDATED SURREPLY IN OPPOSITION TO DEFENDANT POLGAR'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISQUALIFY COUNSEL; [PROPOSED] ORDER**<br><br>DATE:     September 14, 2009<br>TIME:      2:00 p.m.<br>CTRM:    15, 18th Floor<br>JUDGE:   The Hon. Marilyn H. Patel |

Case No. 3:08-CV-05126-MHP                                    **REQUEST FOR LEAVE TO FILE SURREPLY; [PROPOSED] SURREPLY**

**Request for Leave**

Pursuant to Local Civil Rule 7-3(d), Plaintiffs UNITED STATES OF AMERICA CHESS FEDERATION, INC. ("USCF") and RANDALL HOUGH ("Hough") hereby request leave to file a consolidated surreply in opposition to Defendant Susan Polgar's Motion for Summary Judgment or, in the Alternative, Summary Adjudication of Defendant Susan Polgar's Affirmative Defense of Ultra Vires Act Against Plaintiff United States of America Chess Federation, Inc. [D.E. 121-1] and to Defendant Susan Polgar's Motion to Disqualify Kronenberger Burgoyne, LLP and Karl S. Kronenberger as Counsel [D.E. 112]. (hereinafter, respectively, "Motion for Summary Judgment" and "Motion to Disqualify," and collectively, "Motions").

Good cause exists for granting Plaintiffs leave to file the surreply because since the parties' briefing on the Motions, material events have occurred, which entirely moot Plaintiffs' Motions. Specifically, since the parties briefed the Motions, the USCF Board of Delegates formally ratified all prior acts of the USCF Executive Board related to all outstanding litigation. These prior acts of the USCF Executive Board—which were purportedly unauthorized—serve as the primary basis for Polgar's Motions.

Because the Board of Delegates' ratifications are material to the issues raised in the Motions, and because these ratifications occurred after the briefing on these Motions, the Court should grant Plaintiffs leave to file the attached surreply.

Dated: August 14, 2009

KRONENBERGER BURGOYNE, LLP

By: s/ Karl S. Kronenberger
    Karl S. Kronenberger

Attorneys for UNITED STATES OF AMERICA CHESS FEDERATION, INC. and RANDALL D. HOUGH

Case No. 3:08-CV-05126-MHP     1     **REQUEST FOR LEAVE TO FILE SURREPLY; [PROPOSED] SURREPLY**

## [PROPOSED] CONSOLIDATED SURREPLY IN OPPOSITION TO DEFENDANT POLGAR'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISQUALIFY COUNSEL

### INTRODUCTION

As the primary if not sole basis for her Motions, Polgar argues that the USCF Board of Delegates (the "Delegates") did not formally approve the USCF's actions relating to this lawsuit.  Specifically, in both of her Motions, Polgar argues that because the Delegates had not ratified the authorization of this lawsuit nor waived the potential conflicts between the six-member USCF Executive Board and USCF counsel, this lawsuit was improper.  However, since Polgar filed her Motions, the Delegates have mooted Polgar's argument in its entirety by ratifying each of the alleged unauthorized actions.

### Argument

**A.    Polgar's Motions have been rendered moot by the ratifications of the Board of Delegates.**

The USCF Board of Delegates held its annual meeting on August 8-9, 2009 and voted on three important matters that relate to this action.  During this meeting, the Delegates rejected Polgar's claims of *Ultra Vires* acts, conflicts of interest, and general unfairness and ***unanimously ratified*** all prior acts of the USCF Executive Board related to all outstanding litigation, with full knowledge of all potential conflicts of the USCF Executive Board members and their counsel that Polgar has asserted.  (Declaration of Bill Hall re: a) Comprehensive Ratification by USCF Board of Delegates of all Acts of USCF Executive Board, b) Expulsion of Susan Polgar from the U.S. Chess Federation, and c) Denial of Polgar's Indemnification Requests, in Response to Civil Minute Order Dated April 13, 2009 ("Hall Decl.") ¶5.)  The Delegates' ratifications have mooted Polgar's Motions.  Specifically, Polgar argues the following points in her Motions, all of which are now moot:

- The Board of Delegates did not authorize the filing of the case at hand.  (Motion

Case No. 3:08-CV-05126-MHP         2         **REQUEST FOR LEAVE TO FILE SURREPLY; [PROPOSED] SURREPLY**

to Disqualify, p. 5).

- Kronenberger and the Executive Board members are "interested parties" and thus should not make decisions in the case at hand on behalf of the USCF. (Motion to Disqualify, p. 6.)

- The USCF Board of Delegates never ratified the Executive Board's decisions to file the California action. (Motion to Disqualify, p. 8.)

- The USCF Board of Delegates never ratified the Executive Board's formation of a Litigation Subcommittee. (Motion to Disqualify, p. 8.)

- Kronenberger interfered with Polgar's request for indemnification regarding the case at hand. (Motion to Disqualify, p. 9.)

- The USCF Board of Delegates have not been informed about the potential conflicts of interests of Karl Kronenberger and Kronenberger Burgoyne, LLP. (Motion to Disqualify, p. 15-16.)

- Karl Kronenberger and Kronenberger Burgoyne, LLP have an "undisclosed interest" in the litigation. (Motion to Disqualify, p. 18.)

- All actions of the USCF Executive Board in filing the case at hand, amending it to name Susan Polgar and Gregory Alexander, and making decisions concerning the case at hand, are *Ultra Vires* acts. (Motion for Summary Judgment, *passim*.)

All of these arguments have been rendered entirely moot by the Delegates' ratifications.

**B.   Illinois law authorizes a corporation to ratify prior unauthorized acts.**

A corporation may ratify the unauthorized acts of its officers and agents, and subsequent ratification is equivalent to previous authorization. IL-LP CORPORATNS §245; *Be-Mac Transport v. Michigan Exp.*, 348 Ill. App. 460, 463, 109 N.E.2d 370, 372 (1st Dist. 1952) (A corporation may ratify the unauthorized acts of its officers and agents.); *Buildings Development Co. v. B/G Sandwich Shops*, 278 Ill. App. 126, -- (1934)

WL 3019. *3 (1st Dist. 1934) (the subsequent ratification by corporation of prior unauthorized acts of its officers is equivalent to previous authorization.); *Larsen v. Thuringia American Ins. Co.*, 208 Ill. 166, 170-171 (Ill. 1904)(citing 1 *Am. & Eng. Ency. Of Law*, -- 2d ed. – 1184) (one may ratify that which is done by another if he could have himself done the same thing in the first instance).

The law is clear on this issue. To the extent any of USCF's actions were unauthorized prior to Polgar's Motions, they have now been authorized by the Delegates. To the extent any conflict existed between the USCF, the Executive Board, and/or the USCF's counsel, that conflict has been waived by the Delegates. To the extent any of the USCF's acts were *Ultra Vires*, they have now been sanctioned by the Delegates. And the USCF's declination of Polgar's request for indemnification has been confirmed by the Delegates. As Illinois law expressly permits, the Board of Delegates has ratified all of the allegedly unauthorized acts of the USCF, its officers, and agents that serve as the basis for Polgar's Motions, and such ratification is equivalent to previous authorization.

Because Polgar's Motions rest almost entirely—if not entirely—on the allegedly unauthorized conduct of the USCF, and because all of that conduct has now been ratified, Polgar's Motions are entirely moot.

## Conclusion

For the foregoing reasons, the Court should deny Polgar's Motions.

Dated: August 14, 2009

KRONENBERGER BURGOYNE, LLP

By: s/ Karl S. Kronenberger
    Karl S. Kronenberger

Attorneys for UNITED STATES OF AMERICA CHESS FEDERATION, INC. and RANDALL D. HOUGH

# [PROPOSED] ORDER

IT IS ORDERED that Plaintiffs UNITED STATES OF AMERICA CHESS FEDERATION, INC. ("USCF") and RANDALL HOUGH ("Hough")'s request to file a consolidated surreply is granted.

IT IS SO ORDERED:

Dated:_____                    _____

                                                                              The Honorable Marilyn H. Patel
                                                                              United States District Judge

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com