1  **DENNIS F. MORIARTY, ESQ, (BAR NO. 118110)**
   **KRISTINA L. VELARDE, ESQ. (BAR NO. 199299)**
2  **CESARI, WERNER AND MORIARTY**
   360 Post Street, Fifth Floor
3  San Francisco, CA 94108-4908
   Telephone: (415) 391-1113
4  Facsimile:  (415) 391-4626
   **5255-3-2-15**
5  Attorneys for Defendants and Counter-Defendants
   Randall Hough, Bill Goichberg, Bill Hall, Randy Bauer,
6  Jim Berry, and Karl Kronenberger

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11

12  UNITED STATES OF AMERICA CHESS )  No.  3:08-cv-05126-MHP
    FEDERATION, INC., an Illinois not-for-profit) )
    corporation, RANDAL D. HOUGH, an )
13  individual )
     )
14              Plaintiffs, )  **THIRD-PARTY DEFENDANTS'**
     )  **NOTICE OF MOTION AND**
     )  **MOTION TO DISMISS FOR**
15  v. )  **LACK OF PERSONAL JURISDICTION**
     )  **[FRCP 12(b)(2)]**
16  SUSAN POLGAR, an individual, GREGORY )
    ALEXANDER, an individual, and DOES 1- )
17  20, inclusive, )
     )  Date:     September 28, 2009
18              Defendants. )  Time:     10:00 a.m.
     )  Ctrm:     15, on the 18th Floor
19  _____ )  Judge:    The Hon. Marilyn Patel
     )
20  SUSAN POLGAR )
     )
21              Counter-Plaintiff, )
     )
22  v. )
     )
23  BILL GOICHBERG, BILL HALL, RANDY )
    BAUER, JIM BERRY, KARL )
24  KRONENBERGER, )
     )
25              Third Party Defendants, )
     )
26  RANDALL HOUGH, )
     )
27              Counter-Defendant. )
    _____ )
28                                        -1-

---

**No.  3:08-cv-05126** USCF v. Polgar
THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION [FRCP 12(b)(2)]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   NOTICE OF MOTION AND MOTION

Pursuant to FRCP 12(b)(2), counter defendants BILL GOICHBERG ("Goichberg"), BILL HALL ("Hall"), RANDY BAUER ("Bauer"), and JIM BERRY ("Berry") hereby move to dismiss defendant and counter-plaintiff SUSAN POLGAR'S ("Polgar") Amended Counterclaim for Abuse of Process and Breach of Fiduciary Duty, such hearing will occur on <u>September 28, 2009 at 10:00 a.m.</u> in Courtroom 15, on the 18th Floor, of the above-referenced Court.

## II.   INTRODUCTION

The entity United States of America Chess Federation ("USCF") and the individual RANDALL HOUGH ("Hough") filed this action as a Doe action on June 25, 2008.  After sufficient discovery, the identities of the appropriate defendants were determined and plaintiffs named defendants and counter-claimant SUSAN POLGAR and GREGORY ALEXANDER ("Alexander") regarding allegations that Polgar conspired with Gregory Alexander to break into plaintiffs' computer systems, stole plaintiffs' confidential communications, and published these communications.  (Gregory Alexander has since been indicted and arrested on these related charges).  Polgar has retaliated with a tale of a conspiracy to harass her, defame her, and oust her from the USCF, filing this Amended Counterclaim not only against plaintiff Hough, but adding five additional defendants, Goichberg, Hall, Bauer, Berry, and Kronenberger.  However, the United States District Court, Northern District of California, lacks personal jurisdiction of all third-party defendants, with the exception of plaintiff Randall Hough.  These third-party defendants thus bring this action for dismissal of the counter claims against them due to the court's lack of personal jurisdiction.

## III.   POINTS AND AUTHORITIES

### A.   Third-Party Defendants are not Domiciled in California

Personal jurisdiction may be obtained over a defendant if they are domiciled in the state in which the action is brought.  Domicile is the state in which the defendant intends to remain indefinitely at the time the action is filed.  An individual may have several residences, but only one

-2-

domicile. *Williams v. North Carolina* (1945) 325 US 226, 229; *Burnham v. Superior Court* (1990) 495 US 604, 611.  However, with the exception of Karl Kronenberger, none of the third-party defendants are domiciled in the State of California.  [See declarations of Goichberg, Hall, Bauer, and Berry filed herewith].  Therefore, Polgar cannot rely on the domicile of any of the third party defendants for this court to obtain personal jurisdiction over them.

**B.      The Third-Party Defendants Do Not Have Minimal Contacts With California**

Minimal contacts by defendants are required if there is no domicile, consent, or other means of connection to the state in which the court sits.  The test to determine whether an individual has minimal contacts with the state is to ensure that it does "not offend traditional notation of fair play and substantial justice."  *International Shoe v. Washington* (1945) 326 US 310, 316.  Counter-claimant needs to demonstrate a relationship between the third-party defendants to the litigation, and that they would expect to defend themselves in the proposed forum state; actions by an employer are not sufficient to create personal jurisdiction over an employee.  *Balance Dynamics v. Schmitt Industries* (6th Cir. 2000) 204 F.3rd 683, 697.  The purpose is to protect the defendant from litigating in an inconvenient form and to not allow a state to reach beyond the limits of their sovereignty imposed by their status in the federal system.  *World-Wide Volkswagen Corp. v. Woodson* (1980) 444 US 286, 291.  Therefore, the court needs to evaluate the burden of an inconvenient form in which the defendants must defend a lawsuit against them, as well as whether the state would be infringing on the jurisdiction and sovereign immunity of another state's proper jurisdiction over a defendant and/or lawsuit.

**1.      Third-Party Defendants Do Not Have Individual Contacts with California**

The Due Process Clause of the 14th Amendment to the United States Constitution permits personal jurisdiction over a defendant in any state which the defendant has "certain minimum contact….such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."  *Calder v. Jones* (1984) 465, US 783, 788. [See *Milliken v. Meyer* 311 US 457 (1940).  In the case of Bar, only plaintiff / counter-defendant Randall Hough

-3-

and third-party defendant Karl Kronenberger are domiciled in California and/or have any real contacts with the State of California.  [See Declarations of Goichberg, Hall, Bauer and Berry regarding their lack of contacts with the State of California.]  The remaining third-party defendants are domiciled in other states, and their sole connection with this case is their role as officers on the executive board of the US Chess Federation, which was incorporated in Illinois, headquartered in Tennessee and lacks any real contacts with the State of California.  (See Declaration of Hall, filed herewith.)  The only exception to USCF'S involvement in California is when USCF filed this action as a Doe action in California.  (It was originally filed in the Superior Court of California, and then transferred to the Federal Court, Northern District, and was only filed in California due to the location of the corporation Yahoo, as noted below – not because of the parties' connections with California.)  However, only the Federation itself and Hough are plaintiffs/parties to that action, and therefore Polgar's Counterclaim only has personal jurisdiction over Randy Hough (USCF is not a named counter defendant in Polgar's action at bar).  That some of the third party-defendants are on the board of the USCF is insufficient to subject them to personal jurisdiction in California.

### 2.   Being a Board Member does not Create Sufficient Contacts

It is anticipated that Polgar will argue that as executive board members the moving third-party defendants have the same connection and contacts to California as the US Chess Federation itself.  Polgar's expected argument is not supported by case law.  (Moving parties do not concede that USCF has sufficient contacts to California, be even if, *arguendo*, such contacts were established for USCF, these factors cannot be imputed to the individual defendants themselves.)  "When the non-resident defendant does not have substantial or continuous systematic activities within a state, the court must evaluate the activity of the defendant giving rise to the cause of action.  See *Perkins v. Benguet Console. Mining Co.* 342 US 437, 446-47." *Davis v. Metro Productions, Inc.* (9th Cir. 1989) 885 F.2d 515, 520.  Thus, even if a corporation is subject to personal jurisdiction this does not mean the individual officers are.  Rather, the court must make three inquires: (1) whether the individuals purposely directed their activities towards or

-4-

No.  3:08-cv-05126 USCF v. Polgar
THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [FRCP 12(b)(2)]

consummated some transaction within the form or residents thereof; (2) whether the claim made by Polgar arises out of the defendants' forum related activities; and (3) whether the exercise of jurisdiction comports with the traditional notations of "fair play and substantial justice." (cites omitted). *Davis* at 520. [Emphasis added.] Here, under these three tests none of the moving third-party defendants qualify for personal jurisdiction within California.

The first prong fails as there have been no allegations in Polgar's Amended Counterclaims that any of the moving defendants performed any activities within or towards individuals or events within the State of California.  Also these third-party defendants reside outside the State of California, the Federation is based in Tennessee, and meetings are held in other states, or via telephone, not within California.  Therefore, the second prong also cannot be proven either, since there are no claims made by Polgar which arise out of the third-party defendants' "forum related activities," as ***there are no forum related activities*** performed by these third-party defendants.

Finally, under no traditional notion of "fair play and substantial justice" would there be a finding that these individuals, many of whom have only been to California several times, if ever, would have performed any activities in the forum state or expect to be sued within the state.  Thus, the third prong must fail.  The fact that the Chess Federation may have members in this state, or occasionally conduct business or chess competitions here, is insufficient to establish personal jurisdiction over these individuals. *Balance Dynamics Corp.* at 697.

When evaluating the issue of minimum contact the court must focus on the relationship between the defendant, the forum, and the litigation.  *Calder* at 788; *Shaffer v. Heitmer* (1977) 433 US 186, 204; *Rush v. Savchuk* (1980) 44 US 320, 332].  "Jurisdiction over a corporate officer cannot be predicated merely upon jurisdiction over the corporation.  (cites omitted)." *Balance Dynamics Corp.* at 697.  "Here, the plaintiff is the focus of the activities of the defendant out of which the suit arises." *Calder* at 788.

///

-5-

The facts of the case at bar contrast sharply to any cases with personal jurisdiction by officers or employees of a corporation which may have conducted business within the proposed forum states.  In *Calder v. Jones* (1984) 465, US 783, the United States Supreme Court found personal jurisdiction over two Florida reporters only because the plaintiff lived, worked and was domiciled within California.  In addition, the proposed defendants travelled to California and conducted business specifically for the purpose or writing an article about the plaintiff, and found sources for their story almost entirely within California.  They clearly purposefully injected themselves into the business of California, and its residents, and it would be fair for them to know that should their actions result in litigation, they would be haled to California to defend themselves.

In this case, Polgar has made no allegations that she has been involved in any business, or living within California, or is any way connected to the State of California, with the exception of the lawsuit which is connected to California only on the basis that Yahoo Corporation happens to be headquartered in California.  It is not appropriate that the third-party defendants would anticipate being haled into court in California, as they did not "purposefully avail [themselves] to the forum and the reasonable foreseeable consequence of that availment," such as being sued in that venue.  *Balance Dynamics Corp.* at 698.

### 3.    No Damages Occurred in California

Further, there have been no allegations of any actual injury within the State of California.  Polgar does not reside, work or otherwise conduct business or personal relations within California, and she has not alleged that any actions causing her injury actually occurred within the state.  Even if any activities related to the Federation did occur within the State of California, this is insufficient to establish personal jurisdiction over the individual third-party defendants (as noted more thoroughly above).  "A person's mere association with a corporation that causes injury in the forum state is not sufficient itself to permit that forum to assert jurisdiction over the person." *Davis* at 520.

-6-

**No. 3:08-cv-05126** USCF v. Polgar
THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [FRCP 12(b)(2)]

Polgar's claims should be directly contrasted to the *Davis v. Metro Productions* case in which the individual defendants were each 50% shareholders of the corporation, were its only officers and directors, and purposely directed their sales and negotiation activities toward the forum state, actively soliciting business to occur in that state – so that if any damages resulted from those transactions they likely would have occurred in California.  As *Davis* held, these individuals, "could have reasonably foreseen that they would be haled into Arizona's courts if the investments….resulted in litigation." *Davis* at 523.  This case also noted that as those individual defendants had performed business previously in that state, they could not argue that personally appearing at that state to defend themselves would be burdensome.  The third-party defendants in the case at Bar do not have such a situation; they conduct their business and personal lives mostly within their respective domiciled state, and certainly not within California.

   **4.      Polgar's Claims Fail the Davis Test**

Other issues addressed in the *Davis* case evaluate: (1) the existence of an alternative forum; (2) the convenience and effectiveness of relief for the plaintiff; (3) the interest of the forum state; (4) the efficiency of adjudication; (5) extent of the defendants' purposeful injection into the proposed forum state; or (6) possible conflict with sovereignty.  *Davis* at 523, and *Lake v. Lake* (9th Cir. 1987) 18F2nd 1416, 1421-22.  Polgar's allegations and claims of personal jurisdiction over the proposed third party defendants fail in all of these regards as follows:

   *1.      Alternative Forum:* Not only is there one alternative forum for these issues, there are two.  There is already currently pending lawsuits in the courts of Texas and Illinois between these and similar parties, with regards to these and similar legal and factual issues.  Specifically, all named parties in this lawsuit are also named in the Texas action, and this would be a more appropriate venue for these matters to be resolved. (USCF brought this action at bar in California as a "Doe" action only because the purpose was to obtain information as to the identity of a hacker into Randy Hough's e-mails, and it was required that the venue be within the jurisdiction of the Yahoo corporate offices, so appropriate

-7-

subpoenas and discovery could be issued.  It was not until after the initial discovery was completed that Polgar and Alexander were identified as the appropriate defendants, and the Does were substituted with named defendants).  However, the individual third-party defendants named by Polgar in this matter did not file this lawsuit, and do <u>not</u> have any such connections to California, therefore, these matters should be addressed in the other forums where these parties and issues are already at-issue, such as in Texas, or Illinois where the Federation was incorporated.

2. <u>*Convenience and Effectiveness for the Plaintiff*</u>: Polgar does not reside in California either, has no business interests here, and there is no practical purpose for her to bring this action in this venue.  Polgar resides in Texas, works in Texas, and has pending suits with these parties in Texas – and this is where this matter would most conveniently and effectively be heard for not only the counter-plaintiffs, but <u>all</u> parties.

3. <u>*Interest of the Forum State*</u>: Unlike overseeing the subpoenas of records of the California corporation "Yahoo", California has no interest in the issues alleged in Polgar's counterclaims against the executive officers of the Chess Federation, who are domiciled and conducting business in other states.

4. <u>*Efficiency of Adjudication*</u>: All parties except for plaintiff Randall Hough and Karl Kronenberger reside outside of California, and none of the alleged activity took place in California.  Therefore, there is no efficiency to adjudicating this matter in California.

5. <u>*Extent of Defendants' Purposeful Injection into California*</u>:  The moving third-party defendants had no purposeful injection of their activities into California whatsoever, as noted above and through their declarations filed herewith.

6. <u>*Possible Conflict with Sovereignty*</u>: Finally, the States of Texas and Illinois have strong arguments as to why their interests in adjudicating this matter would prevail over California, as indicated above (including pending cases); California has none.

-8-

1    Due to the above factors which address each of the prongs to consider under both

2 the *Davis* and *Lake* matters, there are no arguments which Polgar can make to support personal

3 jurisdiction over the moving third-party defendants.  Therefore, there is no basis for the

4 argument that personal jurisdiction over Goichberg, Hall, Bauer, or Barry would "comport with

5 traditional notations of fair play and substantial justice."

6                              **IV.    CONCLUSION**

7    Moving third-party defendants Bill Goichberg, Bill Hall, Randy Bauer and Jim Berry

8 did not bring this action and are not domiciled in California.  Further, their contacts with

9 California are not significant, if at all, and in fact are so minimal that to allow personal

10 jurisdiction over these individuals would "offend traditional notion of fair play and substantial

11 justice".  Thus, Polgar's Amended Counterclaim against these individuals should be dismissed

12 for the court's lack of personal jurisdiction.

13

14

15  DATED: August 24, 2009                    CESARI, WERNER AND MORIARTY

16

17                              BY_____/s/_____

18                                        DENNIS F. MORIARTY
                                          KRISTINA L. VELARDE
18                              Attorneys for Defendants and Counter-Defendants
                                **Randall Hough, Bill Goichberg, Bill Hall,**
19                              **Randy Bauer, Jim Berry, and Karl Kronenberger**

20

21

22

23

24

25

26

27

28                                        -9-