1    **DENNIS F. MORIARTY, ESQ, (BAR NO. 118110)**
     **KRISTINA L. VELARDE, ESQ. (BAR NO. 199299)**
2    **CESARI, WERNER AND MORIARTY**
     360 Post Street, Fifth Floor
3    San Francisco, CA 94108-4908
     Telephone: (415) 391-1113
4    Facsimile:   (415) 391-4626
     **5255-3-2-15**
5    Attorneys for Defendants and Counter-Defendants
     Randall Hough, Bill Goichberg, Bill Hall, Randy Bauer,
6    Jim Berry, and Karl Kronenberger

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11
     UNITED STATES OF AMERICA CHESS          )    No.  3:08-cv-05126-MHP
12   FEDERATION, INC., an Illinois not-for-profit) )
     corporation, RANDAL D. HOUGH, an        )
13   individual                               )
                                              )    **COUNTER DEFENDANTS' HOUGH,**
14              Plaintiffs,                    )    **BAUER, HALL, GOICHBERG, BERRY,**
                                              )    **& KRONENBERGER NOTICE OF**
15   v.                                        )    **MOTION & MOTION FOR FAILURE TO**
                                              )    **STATE A CLAIM, and MEMORANDUM**
16   SUSAN POLGAR, an individual, GREGORY     )    **OF POINTS AND AUTHORITIES IN**
     ALEXANDER, an individual, and DOES 1-    )    **SUPPORT THEREOF**
17   20, inclusive,                           )    **[FRCP 12(B)(6)]**
                                              )
18              Defendants.                    )
                                              )
19   ─────────────────────────────────       )    Date:    September 28, 2009
     SUSAN POLGAR                             )    Time:    10:00 a.m.
20                                            )    Ctrm:    15, on the 18th Floor
                Counter-Plaintiff,            )    Judge:   The Hon. Marilyn Patel
21                                            )
     v.                                       )
22                                            )
     BILL GOICHBERG, BILL HALL, RANDY         )
23   BAUER, JIM BERY, KARL                    )
     KRONENBERGER,                            )
24                                            )
                                              )
25              third party defendants,       )
                                              )
26   RANDALL HOUGH,                           )
                                              )
27                                            )
                                              )
28              Counter-Defendant.            )        -1-

─────────────────────────────────────────────────────────────────
No.  3:08-cv-05126 USCF v. Polgar
Counter-Defendants' 12(b)(6) Motion for Dismissal for Failure to State a Claim

1

2

## I.  NOTICE OF MOTION AND MOTION

Pursuant to FRCP 12(b)(6), Third-Party Defendants BILL GOICHBERG ("Goichberg"), BILL HALL ("Hall"), RANDY BAUER ("Bauer"), RANDALL HOUGH ("Hough"), JIM BERRY ("Berry"), and KARL KRONENBERGER ("Kronenberger") hereby move to dismiss defendant and counter-plaintiff SUSAN POLGAR'S ("Polgar") Amended Counterclaim for Abuse of Process and Breach of Fiduciary Duty for failure to state a claim, such hearing will occur on September 28, 2009 at 10:00 a.m. in Courtroom 15, on 18th Floor, of the above-referenced Court.

## II.  INTRODUCTION

The entity UNITED STATES OF AMERICA CHESS FEDERATION ("USCF") and the individual Randall Hough brought this action against Defendant and counter-claimant Polgar and GREGORY ALEXANDER ("Alexander") regarding allegations that she conspired with Gregory Alexander to break into Plaintiffs' computer systems, stole Plaintiffs' confidential communications, and published these communications for the world to see.  (Gregory Alexander has since been indicted and arrested on these related charges.)  Polgar has retaliated with a tale of a conspiracy to harass her, defame her, and oust her from the USCF, filing this counterclaim not only against plaintiff Hough, but adding five additional third party-defendants. However, Polgar's Abuse of Process and Breach of Fiduciary Duty counter-claims fail to allege facts sufficient to state a claim.

Polgar fundamentally misinterprets the common law tort of Abuse of Process, which only applies to the abuse of the Court's legal machinery after the initiation of the lawsuit.  The cause of action does not apply to unfair treatment generally or outside of litigation.  Polgar's allegations of mistreatment, even if taken as true, refer to the initiation of this lawsuit and acts prior to the initiation of this lawsuit.  California law makes clear that none of these actions can serve as the basis for an Abuse of Process claim.

Further, there are no grounds for a claim of Breach of Fiduciary Duty.  Such a claim is owed to and properly brought by the corporate entity itself, not a member or even an officer.

Further, even if a member or officer could bring such a claim, the USCF Board of Delegates has revoked Susan Polgar's membership, and she is no longer a USCF member, much less Board Member; Polgar has no standing to bring this claim. In addition, the USCF'S actions have been ratified by the Board of Delegates, making claims of inappropriate action moot.

## III.   LEGAL ARGUMENT

### A.   Polgar Has Failed to Plead a Viable Cause of Action for Abuse of Process

Polgar's counter-claim goes on about her supposed mistreatment, but she ignores the legal elements of an abuse of process claim. None of the alleged misconduct described in the counter-claim can serve as a basis for an Abuse of Process claim under California law.[1] [See Polgar's Amended Answer and Counterclaim ("Counterclaim") attached as Exhibit **"A"** to Declaration of Velarde "Dec." filed herewith.] Thus, Polgar's Amended Counterclaim is deficient, and should be dismissed.

### 1.   Abuse of Process Only Refers to Actions Taken *Within* the Lawsuit

The common law claim of abuse of process refers to the misuse of the machinery of the legal system for an ulterior motive. *Competitive Technologies v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1155 (N.D. Cal. 2003). To succeed in an action for abuse of process under California law, a litigant must establish that the defendant: 1) contemplated an ulterior motive in using the judicial process, and 2) committed a willful act in the use of that process not proper in

---

[1] Polgar relies on the following allegations of misconduct as a basis for abuse of process claim:

- "Counter-Defendants authorized Kronenberger to create a legal subcommittee" [Counter-Claim ("CC") ¶18];
- Counter-Defendants solicited personal information from Polgar and third party Truong, and then disclosed some of that information to third party Lafferty, who released it to the district attorney's office in Queens, New York, "to pressure Ms. Polgar and Mr. Truong to resign from the Executive Board." (CC ¶¶22-25);
- Plaintiffs filed this lawsuit in San Francisco Superior Court (CC ¶30);
- Plaintiffs served discovery pursuant to the valid discovery order entered by the San Francisco Superior Court (CC ¶44);
- Counter-Defendants denied Polgar's request for indemnification, but allowed indemnification for themselves (CC ¶32-39).

the regular conduct of the proceedings. *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1037 (9th Cir. 2008). Thus, abuse of process only applies to judicial proceedings; furthermore, the defendant must have misused a *court* process for an improper purpose. *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006) ("[T]he essence of the tort [is]… misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice."); *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 904 (E.D. Cal. 2006); *Competitive Technologies v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1155 (N.D. Cal. 2003). Abuse of process does not apply to actions taken outside of judicial proceedings that did not invoke court processes.

None of the allegations in Polgar's counter-claim support a cause of action for abuse of process. Most of the allegations refer to actions that occurred *prior* to the filing of this lawsuit, and which involved no legal processes or court procedures (*i.e.* the creation of a litigation committee, the request and disclosure of personal information, the declination of indemnification (CC ¶¶18, 22-25, 37-39). Such actions cannot serve as a basis for an abuse of process claim when they did not involve court processes.

Moreover, the initiation of a lawsuit, even for an improper purpose, cannot support a claim for abuse of process. *Ramona Unified School Dist. v. Tsiknas*, 135 Cal. App. 4th 410, 520 (2005). Rather, Polgar must demonstrate that Plaintiffs misused court procedures, after the initiation of the litigation, for extortionate purposes or illegitimate ends; the abuse of process claim requires an abuse of the legal machinery (*i.e.* an abuse of a legal *process*). Simply filing a lawsuit for an improper purpose cannot be an abuse of process. *See Trear v. Sills*, 69 Cal. App. 4th 1341, 1359 (1999); *Bidna v. Rosen*, 19 Cal.App.4th 27, 40 (1993) (abuse of process claim concerns misuse of litigation tools once parties are in a lawsuit regardless of whether there was probable cause to commence that lawsuit in the first place); *see also Heck v. Humphrey*, 512 U.S. 477, 486, n.5 (1994) (abuse of process refers to the extortionate perversion of a lawfully initiated court process).

-4-

1

2

     **2.**     <u>Through Ratification and Order, the Board of Delegates and the Court</u>
<u>Have Confirmed the Executive Board's Actions as Appropriate</u>

        Polgar also bases her abuse of process claim on allegations that the lawsuit was

filed without Board of Delegate ratification. (CC ¶30, 43.) However, as explained above, the

filing of a lawsuit, even for an improper purpose, cannot serve as the basis for an abuse of

process claim. Further, even if she was able to bring an action based on a lack of ratification by

the Board of Delegates regarding the filing of a suit, such ratification has undeniably been

completed at the most recent meeting on August 8, 2009. Therefore, this claim is not even

factually true. (See Declaration of Bill Hall, Exhibit **"B"** to Velarde Dec., filed herewith).

        Finally, Polgar bases her abuse of process claim on the fact that Plaintiffs

conducted discovery pursuant to a valid court order issued by the San Francisco Superior Court

before Polgar was named as a defendant. (CC ¶¶44.) However, by definition, a court has

already examined and approved the discovery in that manner as appropriate and necessary to

determine the identity of the DOE defendants. (Such information was apparently accurate, as

Gregory Alexander, Polgar's business associate, has since been indicted on related charges of

electronic crimes.) Despite Polgar's false explanations and theories of Plaintiffs' motives in

obtaining this court order, she has not—and cannot—plead a perversion of court processes for

extortionate or illegitimate purposes. As such, Polgar's counter-claim for Abuse of Process

fails on its face.

     **3.**     <u>Third-Party Defendants Are Incompatible with an Abuse of Process Claim</u>

        While the counter-claim is alleged against several counter-defendants, including

Randall Hough, Bill Hall, Bill Goichberg, Randy Bauer, Jim Berry, and Karl Kronenberger, this

list is incompatible with an Abuse of Process claim. As discussed above, an Abuse of Process

claim concerns the misuse of litigation procedures by parties to a lawsuit once the lawsuit has

been initiated. Most of the counter-defendants in Polgar's Counterclaim are not even parties to

-5-

---

No. 3:08-cv-05126 USCF v. Polgar
**Counter-Defendants' 12(b)(6) Motion for Dismissal for Failure to State a Claim**

1    the underlying lawsuit, and are actually third-party defendants.[2]  [Only Randall Hough and the

2    USCF entity, (which is not even a named counter-defendant) are already parties to this action.]

3    The question then arises as to how the third-party defendants could have abused the judicial

4    processes of this Court after the lawsuit was initiated, if they are not a party to the lawsuit?

5            Clearly, all counter-defendants (except Hough) could not have "filed the suit

6    against DOE defendants only despite their intent, all along, to amend the lawsuit to name Ms.

7    Polgar as a defendant" (Counterclaim at ¶43), as **these third-party defendants were not even**

8    **plaintiffs to this action and did not name ANY defendants, DOE or otherwise.**  [With

9    regard to counter-defendant Hough, he did not have the intent to name Polgar when the DOE

10   suit was filed, as he only became a plaintiff at the time the First Amended Complaint was filed.

11   Further, it was only through the court-ordered discovery that the identity and involvement of

12   Polgar and Alexander was determined, and such an intent could then be formed.   (See

13   Declaration of Bill Hall, in support of the Anti-Slapp Motion, ¶ 3, Exhibit "C" to Velarde Dec.).

14   Polgar has shown no evidence to dispute this fact.]

15

16           Based on this nonsensical naming of third party-defendants to this cause of

17   action, it is apparent that Polgar's counter-claim for Abuse of Process is not a bona fide effort to

18   defend her rights.  Rather, it is a last minute screed, intended to burden Plaintiffs and distract the

19   Court from Polgar's underlying misconduct.   The Court should disregard these efforts and

20   dismiss Polgar's Abuse of Process counter-claim.

21

22   **B.      Polgar Has Failed to Plead a Viable Cause of Action for Breach of Fiduciary Duty**

23           **1.      No Duty Exists**

24           Polgar claims that Goichberg, Hall, Bauer and Hough all breached their fiduciary

25   duty as Executive Board Members (although Hall was not a Board Member at the time of the

26   alleged actions or the filing of the claims and counter-claims – he is the Executive Director).

27   _____

28   [2] Polgar names Plaintiffs' counsel in this action, Kronenberger (a non-party), in an attempt to
     create a conflict of interest for counsel and disrupt the prosecution of this case.

Polgar claims that as directors, the counter-defendants owe fiduciary duties to "the federation and its members, including Ms. Polgar." (CC ¶51.) However, as the Court states in its Order:

> **"The court notes that it is doubtful plaintiff could allege a fiduciary duty that is owed** by any of the counter-defendants or third party defendants. Normally, officers and directors of a corporation **owe a duty to the corporation itself, rather than to individual** shareholders, members or other directors."

(See "Order", attached as Exhibit **"D"** to the Velarde Dec.) (Emphasis added.) Therefore, without a duty, there can be no breach, and there is no basis for Polgar's Breach of Fiduciary Duty claim.

### 2.    Even if There Was a Duty, Polgar Lacks Standing to Bring the Claim

Even if Polgar can make an argument supporting a fiduciary duty by the counter-defendants, she lacks standing to bring such action. This court noted in its Order, a potential exception for the fiduciary duty actions in which a shareholder claims diminished value of the minority shareholder's shares. [This Court also specifically held that such an exception does not apply to the facts of this case. (Order at 9:5-6).] However, even if *arguendo* this exception somehow applied to this case, Polgar is no longer an Executive Board Member, or even a Board Member, as the Board of Delegates voted to withdraw Polgar and her husband Truong's USCF memberships. [See Declaration of Bill Hall, Exhibit **"B"** to Velarde Dec.] Therefore, they are both no longer members of the Federation, much less on the Executive Board, and thus have no standing to bring a claim.

## IV.    CONCLUSION

It's important to consider Polgar's counter-claims in context. In the face of charges that Polgar hacked into the USCF's computer systems, stole confidential communications, and published these to the public, Polgar has responded with a conspiracy theory describing an absurd vendetta against her. Polgar then uses this straw man tale as a launching pad to attack the propriety of this lawsuit. The Court should not allow Polgar to use such tactics to distract the Court from Polgar's underlying misconduct, and should not permit baseless claims to stand.

For the foregoing reasons, the Court should dismiss Polgar's counter-claim for lack of basis for stating a claim.

Respectfully Submitted,

CESARI, WERNER and MORIARTY

Dated: August 20, 2009

DENNIS F. MORIARTY
KRISTINA L. VELARDE
Attorneys for Defendants and Counter-Defendants
**Randall Hough, Bill Goichberg, Bill Hall,
Randy Bauer, Jim Berry, and Karl Kronenberger**

-8-

No. 3:08-cv-05126 USCF v. Polgar
**Counter-Defendants' 12(b)(6) Motion for Dismissal for Failure to State a Claim**