| | |
|---|---|
| GONZALEZ & LEIGH, LLP<br>MATT GONZALEZ (SBN 153486)<br>G. WHITNEY LEIGH (SBN 153457)<br>MATT SCHULTZ (SBN 220641)<br>MATT SPRINGMAN (SBN 252508)<br>Two Shaw Alley, Third Floor<br>San Francisco, CA 94105<br>Telephone: (415) 512-2000<br>Facsimile: (415) 512-2001<br><br>Attorneys for Defendant<br>SUSAN POLGAR | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA CHESS FEDERATION, INC., an Illinois not-for-profit corporation, RANDALL D. HOUGH, an individual,<br><br>                Plaintiffs,<br><br>v.<br><br>SUSAN POLGAR, an individual, GREGORY ALEXANDER, an individual DOES 1-10, inclusive<br><br>                Defendants. | Case No. 3:08-cv-05126-MHP<br><br>**SUSAN POLGAR'S CONSOLIDATED OPPOSITION TO THIRD PARTY DEFENDANTS AND COUNTER DEFENDANTS' MOTION TO STRIKE CLAIMS UNDER CAL CODE OF CIV. PROC. 425.16 (ANTI-SLAPP MOTION) AND OPPOSITION TO KRONENBERGER'S AND HOUGH'S REQUEST FOR LEAVE TO FILE LATE MOTION**<br><br>**APRIL 13, 2009 ORDER**<br><br>Date:       September 14, 2009<br>Time:      2:00 p.m.<br>Courtroom: 15, 18th Floor<br>Judge:     The Hon. Marilyn H. Patel |

I. INTRODUCTION

Plaintiffs[1] have spent the last several months seeking to evade this Court's consideration of several motions that Susan Polgar has filed in this proceedings. The motions plaintiffs have sought to evade notably include Polgar's motion to disqualify counsel and to compel discovery, which the Court has scheduled to be heard on September 14, 2009. In the meantime, plaintiffs have all but refused to comply with the discovery imposed on them by them by the Federal Rules of Civil Procedure.

Plaintiffs' "Anti-SLAPP" motion (Cal. Code of Civ. Proc. Section 425.16) merely reflects plaintiffs' latest effort to block Ms. Polgar's discovery efforts and scrutiny by the Court; they claim that notice of the motion "serves as an immediate stay of discovery" and elsewhere appeal to this Court to postpone the currently-scheduled hearing on the motion to compel and the motion to disqualify – the latter of which the Court already has found needed to be decided as soon as practicable.

This effort fails for simple reasons. First, Ms. Polgar's claims for abuse of process and breach of fiduciary duty are not subject to the Anti-SLAPP statute, because they are not directed to plaintiffs' acts to petition the Court or exercise rights of free expression. Instead, they are directed to plaintiffs' misuse of the Court's compulsory power, and their breach of the bylaws of the United States Chess Federation. Second, plaintiffs' motion fails because Polgar has demonstrated legally sufficient claims for breach of fiduciary duty and abuse of process. Finally, plaintiffs' motion fails because Ms. Polgar has not been afforded a reasonable opportunity to conduct discovery.

II. ARGUMENT

   A. **Court Analysis of Anti-SLAPP Motions**

Courts reviewing a special motion to strike under California's anti-SLAPP statute follow

---

[1] For the purpose of this brief, "plaintiffs", refers to plaintiff and counter-defendant Randall Hough, and third-party defendants Bill Goichberg, Randy Bauer, Jim Berry and Bill Hall.

1

a two-step process. *Equilon Enterprises, LLC v. Consumer Cause*, Inc., 29 Cal. 4th 53, 124 Cal. Rptr. 2d 507, 52 P.3d 685 (2002). "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech.'" Id. at 67. If a moving defendant meets his burden in the first step, a court then "determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Equilon*, 29 Cal. 4th at 67. "[I]n order to establish the requisite probability of prevailing, . . . the plaintiff need only have stated and substantiated a legally sufficient claim." *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002). "Only a cause of action that satisfies both prongs of the anti-SLAPP statute--i.e., that arises from protected speech or petitioning and lacks even minimal merit--is a SLAPP, subject to being stricken under the statute." *Id*. at 89.

**B.     Polgar's Counterclaims Are Not Subject to the Anti-SLAPP Statute**

Ms. Polgar's claims of abuse of process and breach of fiduciary duty claims do not arise out protected free speech or petitioning activities.  Consequently, plaintiffs cannot satisfy the first prong of the anti-SLAPP statute.

**1.     Polgar's abuse of process claim is not subject to the anti-SLAPP statute, because it does not**

The tort of abuse of process constitutes the use of a legal process against another to accomplish a purpose for which it is not designed. *Drum v. Bleau*, Fox & Associates, 107 Cal. App. 4th 1009, 1019. (2003).   The elements of an abuse of process claim are: (1) an ulterior motive; and (2) a willful act in the use of process not proper in the regular conduct of the proceedings. *Id.* "[T]he essence of the tort 'abuse of process' lies in the misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice. …" *Drum*, 107 Cal. App. 4th at 1019 (quoting Meadows v. Bakersfield Sav. & Loan Assn. (1967)).

Ms. Polgar's claim for abuse of process is grounded upon plaintiffs' usurpation of the

2

USCF's name to (1) surreptitiously sue Susan Polgar unbeknownst to her, in order to (2) conduct unchecked and illegal discovery through misuse of California's "Doe" action discovery procedures. Susan Polgar's Amended Answer and Counter Claim ("Counter-Claim"), ¶ 43. The gravamen of Ms. Polgar's claim is that defendants sought to misappropriate the courts' compulsory power to unlawfully compel the production of private information claim. Such misconduct neither constitutes the petitioning of the Court nor communicative activity. *See, e.g. Drum v. Bleau, Fox & Associates*, 107 Cal. App. 4th 1009, 1028 (2003) (wrongful levying on property pursuant to a writ of execution is an act, not a communication); *Ribas v. Clark*, 38 Cal.3d 355, 364–365 (1985) (eavesdropping by attorney is non-communicative act); *Arc Inv. Co. v. Tiffith*, 164 Cal. App. 2d Supp. 853, 856 (1958) (wrongful levy constitutes abuse of process).

The fact that plaintiffs accomplished their goal by impersonating the USCF in their complaint does not transmute the fundamental nature of the misconduct at issue – even if plaintiffs had filed this action in their true names, their unlawful subpoena of private information would still constitute a misuse of the courts' process. Plaintiffs' acts of assuming the identity of the USCF are relevant to show their ulterior motive. But the fact that plaintiffs' fraudulent suit was a relevant step that enabled plaintiffs' misuse of the Court's process does not render the misuse itself subject to the statute. As plaintiffs acknowledge, a claim for abuse of process refers by definition to acts *within the lawsuit*, not the filing of the lawsuit itself. *See* Plaintiffs' 12(b)(6).

Plaintiffs do not contend that the allegation that they improperly subpoenaed Ms. Polgar and others' private information, while using the Doe status of this case to hide their actions from her, is subject to the anti-SLAPP statute.[2] Instead, they mischaracterize her claim, and read that allegation out of the complaint.

Moreover, plaintiffs' surreptitious subpoena of Ms. Polgar and hundreds of others' private information was not merely improper, it was illegal as a matter of law. *See* Docket Entry

---

[2] Plaintiffs also cannot raise this contention on reply.

3

No. 123.[3] Because plaintiffs' acts were illegal, they cannot avail themselves of the anti-SLAPP statute. *See Flatley v. Mauro*, 39 Cal. 4th 299, 317 (the anti-SLAPP statute is not available to a defendant who claims that the plaintiff's cause of action arises from assertedly protected activity when that activity is illegal as a matter of law).

### 2. Polgar's breach of fiduciary duty claims are not subject to the anti-SLAPP statute

Ms. Polgar's breach of fiduciary duty claims arise out of the duty under which the claims arise: plaintiffs' duty, as members of the USCF's Executive Board, to comply with the bylaws and governing statutes of the federation. In her first amended complaint, Ms. Polgar alleges that plaintiffs, as directors of the USCF, have a fiduciary duty to strictly comply with the federation's bylaws. FAC, ¶¶14-16 at p.15. Ms. Polgar also specifically identifies the bylaws with which plaintiffs failed to comply. *Id.*, ¶ 13, at pp.10-15. These bylaws required plaintiffs, *inter alia*, (1) to notify all Executive Board members of all Board meetings; (2) to allow participation of all Executive Board members at all Board meetings, (3) to take minutes and recordings of all Board meetings and to disseminate those minutes and recordings; (4) to vote in open session on any motion made in closed session; (5) not to withhold from any Board member any information relevant to Board decisions, and ; (6) to provide an independent and disinterested assessment of any Boardmember's right to indemnification. *Id.*

Plaintiffs' filing of this lawsuit is only one of many actions plaintiffs took in violation of their duties to comply with the federation's bylaws. But the principal thrust of her breach of fiduciary claims is plaintiffs' breach of their undertaking to comply with the USCF's bylaws. *See*, *e.g. United States Fire Ins. Co. v. Sheppard, Mullin, Richter & Hampton LLP*, 171 Cal. App. 4th 1617 (Cal. App. 1st Dist. 2009) (attorney's breach of duty to maintain client

---

[3] Plaintiffs' impunity appears boundless: in defiance of this Court's order on April 13, 2009 to return this information, and the Court in Texas' order to the same effect, plaintiffs and their counsel in this litigation appear to still possess the records two federal courts have ordered them to destroy or return.

4

1 confidences is not subject to anti-SLAPP statute).

2 Plaintiffs citation of *Dove Audio v. Rosenfeld*, 47 Cal. App. 4th 777 (1996), is misplaced

3 Ms. Polgar's breach of fiduciary duty claims spring from the duties under which the

4 claims arise: plaintiffs' duties, as members of the USCF's Executive Board, to comply with the

5 bylaws and governing statutes of the federation. In her first amended complaint, Ms. Polgar

6 alleges that plaintiffs, as directors of the USCF, violated their fiduciary duties to strictly comply

7 with the federation's bylaws. FAC, ¶¶14-16 at p.15. Ms. Polgar also specifically identifies the

8 bylaws with which plaintiffs failed to comply. *Id.*, ¶ 13, at pp.10-15. These bylaws required

9 plaintiffs, *inter alia*, (1) to notify all Executive Board members of all Board meetings; (2) to

10 allow participation of all Executive Board members at all Board meetings, (3) to take minutes

11 and recordings of all Board meetings and to disseminate those minutes and recordings; (4) to

12 vote in open session on any motion made in closed session; (5) not to withhold from any Board

13 member any information relevant to Board decisions, and ; (6) to provide an independent and

14 disinterested assessment of any Boardmember's right to indemnification. *Id.*

15 Plaintiffs' filing of this lawsuit is only one of many actions plaintiffs took in violation of

16 their duties to comply with the federation's bylaws. But the principal thrust of her breach of

17 fiduciary claims is plaintiffs' breach of their undertaking to comply with the USCF's bylaws.

18 *See*, *e.g. United States Fire Ins. Co. v. Sheppard, Mullin, Richter & Hampton LLP*, 171 Cal.

19 App. 4th 1617 (Cal. App. 1st Dist. 2009) (attorney's breach of duty to maintain client

20 confidences is not subject to anti-SLAPP statute). Likewise, Counter-defendant Kronenberger's

21 conduct is not protected merely because he is an attorney.

22 Plaintiffs' breaches of fiduciary duty include their failure to comply with the federation

23 bylaws that govern Ms. Polgar's request for indemnification. (Article IX, Section 12). *See* FAC,

24 ¶¶36-40. Plaintiffs contend that under *Dove Audio v. Rosenfeld*, 47 Cal. App. 4th 777 (1996),

25 their "review" of her demand is "rationally connected to the litigation, and therefore subject to

26 the anti-SLAPP statute. Motion at p.6. This contention is incorrect. Plaintiffs' disregard of the

27 federation's bylaws governing Ms.Polgar's indemnification request is an act (or omission), not a

28

5

1  "communication". Plaintiffs' contention – that a failure to indemnify is subject to the anti-
2  SLAPP statute because it is "connected to litigation – would render every request for
3  indemnification – and every claim for bad faith denial of insurance defense – subject to the
4  statute.

5  Because neither of Ms. Polgar's claims are subject to the anti-SLAPP statute, plaintiffs
6  cannot satisfy the first prong of the test set forth under 425.16. For this reason, plaintiffs' anti-
7  SLAPP Motion should be denied.

### B. Plaintiffs' Concealment of Evidence Material to Ms. Polgar's Claims Precludes Consideration of Their Anti-SLAPP Motion

10  The Federal Rules discourage motions for summary judgment based on evidence outside
11  the record until the nonmoving party has had the opportunity to conduct discovery. *Rogers v.*
12  *Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 981 (C.D. Cal. 1999). Rule 56(f) provides
13  that if the party opposing a motion for summary judgment cannot yet submit evidence supporting
14  its opposition, "the court may refuse the application for judgment or may order a continuance to
15  permit affidavits to be obtained or depositions to be taken or discovery to be had or may make
16  such other order as is just." Fed. R. Civ. P. 56(f). The Supreme Court has restated this rule as
17  requiring, rather than merely permitting, refusal "where the nonmoving party has not had the
18  opportunity to discover information that is essential to his opposition." *Anderson v. Liberty*
19  *Lobby, Inc.*, 477 U.S. 242, 250 n.5, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

20  The Ninth Circuit has held that the discovery-staying provisions of California's Anti-
21  SLAPP law (California Code of Civil Procedure Section 425.16(f) and (g)) do not apply in
22  federal court, as they conflict with Rule 56 of the Federal Rules of Civil Procedure. *See*
23  *Metabolife Int'l v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001).

24  In this case, plaintiffs' Anti-SLAPP motion should be denied, because Ms. Polgar has not
25  had a fair opportunity to conduct discovery of her claims, and because plaintiffs have improperly
26  withheld discovery related to those claims.

27  On April 13, 2009, the Court ordered that discovery in this matter could proceed, subject

6

**POLGAR'S OPPOSITION TO MOTION TO STRIKE CLAIMS UNDER
CAL CODE OF CIV. PROC. 425.16 (ANTI-SLAPP MOTION)
Case No. 3:08-cv-05126-MHP**

1 to certain limitations. 4/13/2009 Trans. [Docket Entry No. 91] Specifically, the Court ordered
2 that the parties could issue requests for documents and interrogatories, but not requests for
3 admissions. *Id.* The Court also ordered that no depositions could take place, without leave from
4 the Court. *Id.*

5 Following April 13, 2009, Ms. Polgar issued document requests and interrogatories to
6 plaintiffs. *See* Docket Entry No. 123. Plaintiffs responded to Ms. Polgar's interrogatories by
7 asserting blanket objections, and asserting that the answers to the interrogatories could be found
8 in unspecified documents that plaintiffs previously produced. *Id.* Plaintiffs objected to Ms.
9 Polgar's document requests, and contended that they had produced documents to Ms. Polgar's
10 counsel in the Texas action. *Id.* Pursuant to the Court's standing order, Ms. Polgar has requested
11 a teleconference with the Court to address plaintiffs' discovery responses. To date, plaintiffs
12 have not produced *any* documents in response to Ms. Polgar's document requests.

13 Ms. Polgar has obtained privilege logs plaintiffs produce in the Texas action. Those
14 privilege logs are subject to a motion to compel that the Court has scheduled to be heard on
15 September 14, 2009. *See* Polgar's Motion to Compel [Docket Entry No. 184] and Leigh
16 Declaration in Support of Motion to Compel [Docket Entry No. 185]. It is apparent from
17 scrutiny of the privilege log that plaintiffs have wrongfully withheld documents directly pertinent
18 to Ms. Polgar's claims for breach of fiduciary duty and for abuse of process.

19 Plaintiffs premise their anti-SLAPP motion on the grounds that Ms. Polgar has "produced
20 no evidence" to support her claims. *See* Motion at p. 13. This assertion is incorrect. Polgar has
21 already submitted a detailed record, supported by competent evidence, of Kronenberger's and the
22 plaintiffs' misconduct during the Superior Court "doe" discovery period. See, e.g., Docket No.
23 53 at 6-14; Docket No. 83 at 3-9. The record – including the declarations of Bill Hall—amply
24 establish plaintiffs' violations of the USCF bylaws, and breaches of fiduciary duty. *See* Polgar's
25 Motion for Summary Judgment., [Docket Entry No. 117] and Declarations of Susan Polgar and
26 Matt Springman in Support of Motion for Summary Judgment [Docket Entries Nos. 118-19].

27 In any case, plaintiffs, who have improperly refused to respond to Ms. Polgar's discovery
28

7

requests, cannot reasonably contend that she "has not produced" evidence to support her claims. Plaintiffs contention – that they can at once refuse to respond to discovery, while contesting Ms. Polgar's ability to prove her claims – directly collides with Rule 56 of the Federal Rules of Civil Procedure.

### D. The Purported "Ratification" Has No Effect on Ms. Polgar's Breach of Fiduciary Dury and Abuse of Process Claims

Plaintiffs' initial argument is that the purported "ratification" of their acts by the USCF's Board of Delegates "guts" Polgar's counterclaims. *See* Motion at p.8. This argument is deeply mistaken. [define ratification] A valid ratification – if it had occurred – would not extinguish Ms. Polgar's counter- and third-party claims, but would instead merely extend liability for those claims from the individual counter- and third-party defendants to the USCF and, potentially, impair the USCF's ability to pursue claims.

Plaintiffs appear to confuse Ms. Polgar's *defense of ultra vires*, which might be affected by a valid ratification (which, as explained below, did not occur) with Ms. Polgar's claims – for breach of fiduciary duty and for abuse of process. But these claims are not "based almost entirely on the supposed lack of counter-defendants assert, "

Plaintiffs' misconception of the effect ratification has on these proceedings is made more worrisome because it appears that plaintiffs – aided by litigation attorneys masquerading as independent counsel – presented this mooncalf reasoning to the Board of Delegates, as a part of their effort to persuade the Delegates to ratify their misconduct.

### E. The Ratification is Invalid

Moreover, plaintiffs engineered the so-called ratification through gross violations of the USCF's bylaws and governing Illinois law. These violations render the "ratification" null and void. Ms. Polgar has submitted competent evidence to show (1) that plaintiffs have improperly withheld evidence relevant to their claim that ratification occurred, and that (2) evidence already available demonstrates that no meaningful ratification took place. *See* Susan Polgar's Opposition to Plaintiffs' Request for Leave to File Surreply [Docket Entry No. 217] and Declaration of Whitney Leigh in Support of Polgar's Opposition to Plaintiffs' Request for Leave to File

8

Surreply [Docket Entry No. 218].

### F    Ms. Polgar Has Standing

Plaintiffs' contention that Polgar lacks standing to bring her fiduciary duty claims is not legally supportable.  Plaintiffs claim that Polgar has "no standing" to bring her bring her breach of fiduciary duty claims, first because there is "no authority" that Counter-Defendants – USCF directors and officers, owe to a duty the USCF's members.  In their anti-SLAPP motion, Plaintiffs flatly assert that they owed no duty to the members of the organization they were elected to direct: "there simply is no authority that imposes a duty on the Counter-Defendants to USCF members."  Motion at p.9.  This assertion is wrong: Ms. Polgar expressly cited "authority" confirming the duty that directors of nonprofit organizations owe the organization's members in her first amended complaint – which plaintiff challenged but appear not to have read.[4]

*Schweickart v. Powers* teaches that

> [Illinois not for profit corporation] officers and board members owe a fiduciary or quasi-fiduciary *duty to the members of the association* in that they must act in a manner reasonably related to the exercise of that duty, and failure to do so will result in liability not only for the association but also for the individuals themselves.

*Schweickart*, 245 Ill. App. 3d at 290 (emphasis added). *Schweickart* further explains that not-for-profit organization directors' duty to the organization's members requires strict compliance with the organization's bylaws. *Id.*

### IV.    CONCLUSION

For the reasons set forth above, Ms. Polgar respectfully requests that the Court deny Plaintiffs' motion for leave to file their proposed Sur-Reply, and strike plaintiffs proposed supplemental response to the Court's April 13, 2009 Order [Docket Entry No. 181] and the declaration of Bill Hall in support of that motion for leave and the supplemental response [Docket Entry No. 182].

---

[4] *See*  Schweickart v. Powers, 245 Ill. App.3d 281, 290 (1993)

9

1 | Dated: September 6, 2009

Respectfully Submitted,

GONZALEZ & LEIGH, LLP


By: __/s/ G. Whitney Leigh__
    G. Whitney Leigh
    Attorneys for Defendant
    SUSAN POLGAR

**POLGAR'S OPPOSITION TO MOTION TO STRIKE CLAIMS UNDER
CAL CODE OF CIV. PROC. 425.16 (ANTI-SLAPP MOTION)
Case No. 3:08-cv-05126-MHP**