**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:  (415) 955-1158
karl@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiffs UNITED STATES OF AMERICA
CHESS FEDERATION, INC. and RANDALL D. HOUGH

**CESARI, WERNER AND MORIARTY**
Dennis F. Moriarty (CA Bar No. 118110)
Kristina L. Velarde (CA Bar No. 199299)
360 Post Street, Fifth Floor
San Francisco, CA 94108-4908
Telephone: (415) 391-1113
Facsimile:  (415) 391-4626

Attorneys for Counter-Defendants RANDALL HOUGH,
BILL GOICHBERG, BILL HALL, RANDY BAUER AND JIM BERRY

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA CHESS FEDERATION, INC.,** *et al*, | Case No. 3:08-CV-05126-MHP |
| Plaintiffs, | **REPLY TO MOTION TO STRIKE CLAIMS AGAINST THIRD PARTY DEFENDANTS GOICHBERG, HALL, BAUER, BERRY AND COUNTER-DEFENDANT HOUGH UNDER CAL. CODE OF CIV. PROC. 425.16 (ANTI-SLAPP MOTION)** |
| v. | |
| **SUSAN POLGAR,** *et al.*, | |
| Defendants. | |
| **SUSAN POLGAR,** | Date:    September 28, 2009 |
| Counter-Plaintiff, | Time:    2:00 pm |
| | Ctrm:   15, 18th Floor |
| v. | The Honorable Marilyn Hall Patel |
| **BILL GOICHBERG, et al.,** | |
| Counter-Defendants. | |

# TABLE OF CONTENTS

Introduction ................................................................................................... 1

Argument.......................................................................................................... 2

    I.  Polgar's opposition was filed late and should be disregarded by the Court .... 2

    II.  Legal standard for an Anti-SLAPP special motion to strike and admissibility of evidence .................................................................................................. 2

    III.  Polgar's counterclaims arise from protected activity under California case law ...................................................................................................... 3

        a. Polgar's abuse of process counterclaim is subject to a motion to strike.................................................................................................... 3

        b. Polgar's fiduciary duty counterclaim is subject to a motion to strike....... 6

    IV.  Polgar has not submitted evidence that demonstrates a probability that she will prevail on her counterclaims ..................................................... 8

        a. Polgar's abuse of process and fiduciary duty claims are moot due to the comprehensive and unanimous ratification of prior acts and denial of Polgar's indemnification request by the USCF Board of Delegates.... 11

        b. Polgar has not submitted any evidence of ulterior motive for her abuse of process counterclaim.................................................................. 12

    V.  The USCF has turned over all relevant discovery documents to Polgar, and accordingly there is no reason to delay a decision on the Motion ................. 13

    VI.  Discovery is stayed unless Polgar can show good cause to obtain more discovery for her anti-SLAPP opposition ...................................................... 14

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

## TABLE OF AUTHORITIES

*1-800 Contacts, Inc. v. Steinberg,* 107 Cal. App. 4th 568, 584-85 (2003) ...................... 3

*Arc Inv. Co. v. Tiffith,* 164 Cal.App.2d Supp. 853, 855 (1958) ......................................... 5

*Batzel v. Smith,* 333 F.3d 1018, 1024 (9th Cir.2003)................................................ 14, 15

*Booker v. Roundtree,* 155 Cal. App. 4th 1366, 66 Cal.Rptr.3d 733 (Cal. App. 4th 2007).3,4

*Brown v. Kennard,* 94 Cal.App.4th 40, 44 (2001) ........................................................ 12

*Christian Research Institute v. Alnor,* 148 Cal. App. 4th 71, 80 (App. 4 Dist. 2007) ........ 3

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App.4th 777, 835 (1996) ....... 7

*Drum v. Bleau, Fox & Associates,* 107 Cal. App. 4th 1009, 1021 (2003) ...................... 4

*Equilon v. Consumer Cause, Inc.,* 29 Cal. 4th 53, 67 (2002) ........................................ 3

*Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 665-66 (9th Cir. 2003).............................. 11

*Four Navy Seals v. Associated Press,* 413 F.Supp.2d 1136, 1149 (S.D. Cal. 2005)..... 15

*Fox Searchlight Pictures, Inc. v. Paladino,* 89 Cal.App.4th 294, 308 (2001) ................... 7

*Hall v. Time Warner, Inc.,* 153 Cal. App. 4th 1337, 1346 (App. 2 Dist. 2007)................. 8

*Jaksch v. Seitz Family Partnership, L.P.*, 2008 WL 2352494 *4 (Cal. App. 4th 2008)... 3,4

*Metabilife Int'l v. Wornich,* 264 F.3d 832 (9th Cir. 2001)............................................... 14

*New.Net, Inc. v. Lavasoft,* 356 F.Supp.2d 1090, 1101 (C.D.Cal. 2004) ....................... 15

*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.,* 42 Cal.3d
        1157, 1168 (1986) ........................................................................................... 12

*Ribas v. Clark,* 38 Cal. 3d 355 (1985) ......................................................................... 5

*Rusheen v. Cohen,* 37 Cal. 4th 1048, 1052 (2006) ...................................................... 5

*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.,* 106 Cal. App.
4th 1219, 1238 (App. 4 Dist. 2003)........................................................................... 3, 8

*United States v. Garcia,* 413 F.3d 201, 211-13 (2d Cir. 2005) ..................................... 10

*Ward v. First Fed'l Savings Bank,* 173 F.3d 611, 617-18 (7th Cir. 1999) ..................... 10

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 3:08-CV-05126-MHP                    ii              **REPLY TO MOTION TO STRIKE (ANTI-SLAPP)**

**Statutes**

Cal. Civ. Code §425.16 ("Anti-SLAPP statute")......................................................*passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**INTRODUCTION**

Randall Hough, Bill Goichberg, Bill Hall, Randy Bauer and Jim Berry (collectively, "Counter-Defendants") filed a special motion to strike pursuant to Code of Civil Procedure section 425.16 ("Motion"). Courts employ a two step process in analyzing a special motion to strike. First, a court must determine if a claim is subject to a motion to strike. If the claim is subject to a motion to strike, the burden shifts to the claimant to prove that he or she has a reasonable probability of succeeding on the merits.

Polgar's counterclaims attack core protected petitioning and communicative activities protected by the anti-SLAPP statute. First, Polgar alleges that Counter-Defendants committed the tort of abuse of process by authorizing and filing this lawsuit. Polgar also alleges that Counter-Defendants breached their supposed fiduciary duties by engaging the same conduct. The case law is clear that such counterclaims—i.e. claims based on the initiation and prosecution of a lawsuit—are subject to a motion to strike under California law. For whatever reason, Polgar ignores this wealth of case law in her opposition.

In the second step of the anti-SLAPP analysis, the claimant must prove a probability of success on the merits, with evidence admissible at trial. Not only did Polgar fail to oppose the Motion with affidavits, she failed to even address the second prong of the analysis or her complete lack of admissible evidence.

Simply put, Polgar has no admissible evidence to support her abuse of process claim. Polgar has submitted no evidence that Counter-Defendants acted with an ulterior motive in using Court processes, which is essential to support her abuse of process claim. Polgar actually cites to legal briefs rather than evidence to support these claims.

Even if Polgar could produce evidence supporting her claims, such evidence could not overcome certain incurable deficiencies. First, the full and comprehensive ratification of the USCF Board of Delegates has rendered Polgar's counterclaims moot. Second, the litigation privilege completely bars both of Polgar's counterclaims. When addressing the applicability of the litigation privilege to her counterclaims, Polgar cites an

1   inapposite and overruled authority. Current case law holds that communicative acts in

2   the petitioning process, as well as non-communicative acts that are related to

3   communicative acts, are protected under the litigation privilege.

4       In a last ditch effort, Polgar surprisingly claims that, "[t]o date, plaintiffs have not

5   produced *any* documents in response to Ms. Polgar's document requests." This

6   statement is false. The USCF has produced 1114 documents to Polgar in this action. It

7   is unclear why Polgar would make such an obvious misstatement. More importantly,

8   Polgar has <u>all</u> of the relevant documents in her possession, and accordingly, there is no

9   reason to delay a decision on this Motion for discovery reasons.

10      Because Polgar's counterclaims attack core petitioning activity protected by the

11  anti-SLAPP statute, Polgar was required to possess admissible evidence of the

12  misconduct at the time of filing. Nearly a year later—and several rounds of discovery

13  later—Polgar can point to absolutely no evidence. The Court must grant Counter-

14  Defendants' special motion to strike.

15                              **ARGUMENT**

16  **I.   Polgar's opposition was filed late and should be disregarded by the Court.**

17      The anti-SLAPP motion to strike was filed on August 24, 2009, noticing, pursuant

18  to L.R. 7.2(a), a hearing date of September 28, 2009. As per L.R. 7.3(a), Polgar's

19  opposition was due "not less than twenty-one days before the hearing date," which is

20  September 7, 2009, a federal holiday. Thus, the court day prior to the due date was

21  September 4, 2009. Polgar filed her opposition on September 8, 2009, which was four

22  days late. Accordingly, Polgar's opposition should be struck.

23  **II.  Legal standard for an Anti-SLAPP special motion to strike and admissibility
24       of evidence.**

25      In considering an "anti-SLAPP" motion to strike under Code of Civil Procedure

26  section 425.16 (the "anti-SLAPP statute"), courts employ a two-step test. First, the

27  moving party must make a "prima facie showing" that the challenged claims arise from

28  an alleged act which was taken "in furtherance of the defendant's right of petition or free

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1  speech under the United States or California Constitution in connection with a public

2  issue." *Equilon v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). Second, the non-

3  moving party must establish that there is a probability that the non-moving party will

4  prevail on the challenged claims. Cal. Civ. Proc. Code §425.16(b)(1); *see also 1-800*

5  *Contacts, Inc. v. Steinberg*, 107 Cal. App. 4th 568, 584-85 (2003). "In making its

6  determination, the court shall consider the pleadings, and supporting and opposing

7  affidavits stating the facts upon which the liability or defense is based." Cal. Civ. Proc.

8  Code §425.16(b)(2).

9      The claimant's showing of facts must consist of evidence that would be

10  admissible at trial.  *Hall v. Time Warner, Inc.* 153 Cal. App. 4th 1337, 1346 (2007); *see*

11  *also*, *Christian Research Institute v. Alnor,* 148 Cal. App. 4th 71, 80 (2007), on

12  subsequent appeal at 165 Cal.App.4th 1315 (a claimant cannot rely on allegations of a

13  complaint, but must produce evidence that would be admissible at trial).  Such evidence

14  must be supported with a proper foundation, including documentary evidence submitted

15  as attachments to authenticating affidavits.  *Tuchscher Development Enterprises, Inc. v.*

16  *San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219, 1238 (2003)  (email printouts,

17  letters, and handwritten notes were without foundation and thus the court could not

18  consider them when deciding whether developer had probability of prevailing on claim

19  which was subject to an anti-SLAPP motion to strike.)

20  **III.   Polgar's counterclaims arise from protected activity under California case**
**law.**

21

22      ***a. Polgar's abuse of process counterclaim is subject to a motion to strike.***

23      In their Motion, Counter-Defendants point to case law establishing that filing an

24  abuse of process claim is subject to an anti-SLAPP motion to strike.  *See Booker v.*

25  *Roundtree*, 155 Cal. App. 4th 1366, 66 Cal.Rptr.3d 733 (Cal. App. 4th 2007); *see also*,

26  *Jaksch v. Seitz Family Partnership, L.P.,* 2008 WL 2352494 *4 (Cal. App. 4th 2008) ("The

27  abuse of process cause of action is subject to an anti-SLAPP motion.").

28      Polgar disregards this authority.  Instead, Polgar circularly argues that her abuse

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    of process counterclaim is "grounded upon" the Counter-Defendants (1) suing Polgar,

2    and (2) conducting discovery in the Doe action before Polgar was named.  (Susan

3    Polgar's Consolidated Opposition to Third Party Defendants and Counter Defendants'

4    Motion to Strike Claims under Cal Code of Civ. Proc. 425.16 ("Opposition") at 3.)

5    However, these acts comprise textbook petitioning activity that is subject to a motion to

6    strike under California law.  The acts of filing a lawsuit and conducting discovery under

7    that lawsuit are within the purview of petitioning activities protected by California's anti-

8    SLAPP statute.  *See Booker, Jaksch*, *supra*.  Polar ignores this in her Opposition.

9        Polgar further argues that "[t]he gravamen of Ms. Polgar's claim is that defendant

10   sought to misappropriate the courts' compulsory power to unlawfully compel the

11   production of private information claim (sic).  Such misconduct neither constitutes the

12   petitioning of the Court nor communicative activity."  (Opposition at 3.)  Polgar's

13   argument fails.  First, under *Booker* and *Jaksch*, the Counter-Defendants' use of the

14   Court's compulsory power comprises a petitioning activity covered by the anti-SLAPP

15   statute.  Second, Polgar cites to inapposite authority in support of her argument; one of

16   Polgar's cases has been overturned and the other two are not anti-SLAPP cases.

17       First, Polgar misrepresents the holding of *Drum v. Bleau, Fox & Associates,* 107

18   Cal. App. 4th 1009 (2003), as it relates to the anti-SLAPP statute, and fails to disclose

19   that *Drum* has been overturned as it relates to the litigation privilege.  In *Drum*, the judge

20   stayed the case pending appeal, and, despite the stay, counsel still levied on a bank

21   account of the defendant based on the staid judgment.  These actions resulted in an

22   abuse of process claim by the judgment debtor against the attorney for willfully levying

23   upon the bank account despite the stay.  The court found that the claim was indeed

24   subject to a motion to strike, and that there was no reasonable probability of success on

25   the merits of the abuse or process claim – so the motion was granted.  The appellate

26   court reversed, holding that there was a reasonable probability of success on the merits,

27   even though the claim was subject to a motion to strike.  *Drum v. Bleau, Fox &*

28   *Associates*, 107 Cal. App. 4th 1009, 1021 (2003) (stating at 1018, "the challenged cause

of action for abuse of process arises from a protected activity, and is subject to the statute.")  Thus, despite Polgar's misleading statements, *Drum* supports the accepted tenet that an abuse of process claim is subject to an anti-SLAPP motion to strike.

Polgar also fails to disclose that the California Supreme Court has reversed *Drum* on the issue of the litigation privilege.  In *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1052 (2006), the California Supreme Court held that "where the cause of action is based on a communicative act, the litigation privilege extends to those noncommunicative actions which are necessarily related to that communicative act."  *Id.*  Accordingly, "wrongful levying on property pursuant to a writ of execution" was an act protected by the litigation privilege because it was a non-communicative action necessary to the communicative act of petitioning the court.  Accordingly, Polgar's characterization of the law in the area is wrong.[1]  Counter-Defendants' alleged use of noncommunciative actions to effect their communicative acts—the same communicative acts that are the basis of Polgar's abuse of process claim—fall within the scope of the anti-SLAPP statute.

Polgar's other authority is irrelevant to whether Polgar's claims are subject to a motion to strike.  First, *Ribas v. Clark*, 38 Cal. 3d 355 (1985), addresses only the litigation privilege and does not even involve an anti-SLAPP motion.  Not only is this authority misused because it is irrelevant to whether a claim is subject to a motion to strike, but Polgar distorts the relevance of *Ribas,* by not disclosing that *Rusheen* –which precedes *Ribas* by eleven years– supplants the reasoning in *Ribas.*  (*See*, Opposition, at 3.)  Regardless of *Rusheen's* effect on *Ribas*, Polgar's use of *Ribas* is simply misplaced, as it could only be relevant in the second prong of the anti-SLAPP analysis concerning Polgar's probability of success on the merits of her claim.

Polgar's remaining authority, *Arc Inv. Co. v. Tiffith*, 164 Cal.App.2d Supp. 853, 855 (1958), is similarly inapposite.  The case has nothing to do with the anti-SLAPP statute.  The case has nothing to do with the litigation privilege.  It is unclear why Polgar

---

[1] Polgar's parenthetical summary of Drum's holding is:  "wrongful levying on property pursuant to a writ of execution is an act, not a communication."  (Opposition, p. 3.)

5    **REPLY TO MOTION TO STRIKE (ANTI-SLAPP)**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

has cited this case in support of her argument that her abuse of process counterclaim is not subject to a motion to strike.

### b. Polgar's fiduciary duty counterclaim is subject to a motion to strike.

Polgar states that "the principal thrust of her breach of fiduciary duty claims is the plaintiffs' breach of their undertaking to comply with the USCF's bylaws." (Opposition, p. 4.) Polgar also cites to a laundry list of purported technical violations of the USCF bylaws in support of her argument. (*Id.*)

However, in her Opposition, Polgar ignores the lengthy allegations she makes in her actual breach of fiduciary duty counterclaim filed with the Court. In her counterclaim, Polgar alleges as follows:

- That Counter-Defendants authorized Kronenberger to file the present lawsuit. (Defendant and Counter-Plaintiff Susan Polgar's Second Amended Answer to first Amended Complaint and Amended Counter-Claim ("Polgar Counterclaims") ¶56.)

- That the decision by Counter-Defendants to file the lawsuit violated the USCF bylaws. (Polgar Counterclaims ¶59.)

- That Counter-Defendants obstructed Polgar's request for indemnification from the USCF. (Polgar Counterclaims ¶61.)

- That Counter-Defendants defended themselves in an action filed by Polgar in Texas, without obtaining the approval of the USCF Board of Delegates. (Polgar Counterclaims ¶39.)

- That Counter-Defendants "purported to self-ratify their above-described misconduct in violation of the USCF bylaws." (Polgar Counterclaims ¶62.)

- That Counter-Defendants failed to disclose their conflicts of interests before appropriating money for the current litigation. (Polgar Counterclaims ¶63.)

Poglar's counterclaims make clear that the principal thrust of her breach of fiduciary duty claim involves the authorization, filing and management of litigation. In her Opposition, Polgar attempts to confuse the matter by creating a laundry list of technical

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   violations of the bylaws, ignoring the express allegations of her counterclaims.

2   Importantly, "[a] plaintiff cannot frustrate the purposes of the SLAPP statute through a

3   pleading tactic of combining allegations of protected and nonprotected activity under the

4   label of one 'cause of action'." *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal.App.4th

5   294, 308 (2001). A comparison of Polgar's Opposition to her counterclaims shows a

6   cherry picking of allegations to avoid the obvious fact that Polgar is attacking Counter-

7   Defendants' petitioning and communicative actions, protected by the anti-SLAPP

8   statute. In fact, the only source of the alleged harm suffered by Polgar was the filing of

9   the lawsuit filed against her, which is subject to a motion to strike. In evaluating whether

10  Polgar's breach of fiduciary duty claim is subject to a motion to strike, the Court must

11  focus on the specific allegations in the counterclaims. As demonstrated above, the

12  principal thrust of Polgar's counterclaims involves allegations that are subject to a

13  motion to strike.

14      In her Opposition, Polgar focuses on her allegation that the Counter-Defendants

15  did not properly handle her request for indemnification, as grounds for her breach of

16  fiduciary duty counterclaim.[2]  Polgar argues that the Counter-Defendants' actions in

17  allegedly mishandling the indemnification request was not "communicative," and thus not

18  subject to a motion to strike.  (Opposition at 5.)  However, the acts of Counter-

19  Defendants in response to Polgar's indemnification request, which came during

20  litigation, are incidental to Polgar's long laundry list of claims concerning the Counter-

21  Defendants suing Polgar and managing the litigation against her, which are clearly

22  subject to a motion to strike. Further, Polgar ignores the Counter-Defendants' argument

23  that the exchange of written correspondence concerning demands for indemnification

24  that specifically reference ongoing litigation are also acts that are subject to anti-SLAPP

25  motions. (*See* Motion at 6, citing *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman,* 47

26  Cal. App.4th 777, 835 (1996).)

---

27  [2] Polgar's indemnification request was later unanimously rejected by the full Board of
28  Delegates at the August 8-9, 2009 annual meeting of the Board of Delegates.  [D.E. 181]

For these reasons, Polgar's breach of fiduciary duty counterclaim is subject to an anti-SLAPP motion to strike.

**IV.   Polgar has not submitted evidence that demonstrates a probability that she will prevail on her counterclaims.**

As stated above, Polgar must show a probability of success on her counterclaims with evidence admissible at trial.  *See, Hall, supra.*  Polgar cannot simply rely upon the allegations in her counterclaims.  *See Alnor, supra.*  Instead Polgar must attach affidavits to her opposition, and any attachments to affidavits must have the proper legal foundation evident in the affidavit.  *See Tuchsher, supra* (email printouts without foundation not admissible when deciding whether plaintiff had probability of prevailing on claims) 106 Cal.App.4th 1219, 1238.

Polgar did not file any affidavits in support of her Opposition.[3]  Instead, Polgar states that she "has already submitted a detailed record" of the evidence supporting her counterclaims, referring to docket entry 53 (at 6-14), docket entry 83 (at 3-9), docket entry 117, and docket entries 118-119.  (Opposition at 7.)  This reference to prior docket entries is woefully inadequate because it refers the court to literally hundreds of pages of documents to review that were filed in support of unrelated motions or motions that are now moot due to recent events.

   i)   *Docket Entry 53 (at 6-14), Docket Entry 83 (at 3-9*).  These documents comprise Polgar's motion to transfer this action to Texas, and her reply to that motion.  According to Polgar, these documents contain Polgar's arguments supporting her abuse of process claim.  Pages 6-14 of Polgar's motion to transfer contain primary background information on the history of the litigation, and pages 3-9 of Polgar's reply focuses on one hollow argument.  Specifically, Polgar argues that the Doe suit must have been brought with an improper motive because

---

[3] Polgar's Opposition is at docket entry 221, which is mislabeled as "AFFIDAVIT in Opposition to Motion to Strike filed by Susan Polgar. (Leigh, Gilbert) (Filed on 9/8/2009)."  However, this docket entry is Polgar's Opposition only, and it contains no affidavits.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

the USCF gained no evidence in Doe discovery linking Polgar to the email thefts; thus, by process of elimination, the USCF must have an ulterior motive. [D.E. 83, p. 8.]  However, the USCF has refuted this allegation in two detailed affidavits, as explained below.  Polgar does not make her argument with authenticated documents or other admissible evidence.  Polgar's arguments are only submitted by Polgar's attorneys in briefing.  Simply put, Polgar has no evidence whatsoever of ulterior motive to support her abuse of process claim.

ii)  *Docket Entry 117.*  This document is Polgar's motion for summary judgment based on *ultra vires* acts, filed on June 8, 2009.  Again, this is not authenticated, admissible evidence, but instead it is a brief submitted by Polgar's attorney.  Moreover, this reference is not helpful because a very significant intervening event has occurred since Polgar filed her motion on June 8, 2009; specifically, the USCF Board of Delegates held their annual meeting on August 8-9, 2009 and, at the meeting, unanimously ratified all prior acts of the USCF Executive Board and the USCF Executive Director related to all outstanding litigation.  [D.E. 181.]  This ratification is supported by a declaration from the USCF Secretary, Bill Hall.  [D.E. 182.]

iii)  *Docket Entries 118-119*.  These documents are Polgar's and attorney Matthew Springman's declarations in support of Polgar's motion for summary judgment. In Polgar's declaration, she describes an email that she read on the Internet, but did not attach to her declaration.  The email was purportedly an attorney client privileged email between the USCF and its counsel regarding potential termination of Polgar's insurance coverage.  [D.E. 118 ¶2.]  Importantly, Polgar cannot authenticate the email because she did not attach it; further, even if she would have attached the email, it would not be admissible evidence because a) it is privileged and b) it was stolen.  This declaration by Polgar simply is not evidence admissible at trial, and, as such, it should not be considered by the Court.  And even if this statement were admissible, it does

**REPLY TO MOTION TO STRIKE (ANTI-SLAPP)**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    not come close to satisfying Polgar's burden in an anti-SLAPP motion.

2    Regarding Springman's declaration at docket entry 119, it is unclear what

3    attached documents are relevant for this anti-SLAPP motion, or how Polgar's

4    attorney would have the requisite knowledge to authenticate any relevant

5    documents.

6        In her Opposition Polgar does not submit, or refer to docket entries containing,

7    any actual copies of stolen emails.  However, to the extent that other Polgar filings

8    reference any attorney-client privileged emails stolen from the USCF, the USCF has

9    already filed objections to evidence on July 24, 2009 [D.E. 155].  In these objections the

10   USCF formally objects to evidence submitted by Polgar that a) was stolen from the

11   USCF, b) is protected by attorney-client privilege, c) is unauthenticated, and d) is the

12   subject of a recent criminal indictment of Ms. Polgar's business partner and co-

13   defendant, Gregory Alexander.  (*Id.* at 1.)

14       Regarding foundation for evidence, it is not sufficient if the witness merely states

15   that he or she is "aware" of the subject matter of his or her testimony.  *Ward v. First Fed'l*

16   *Savings Bank*, 173 F.3d 611, 617-18 (7th Cir. 1999); *United States v. Garcia*, 413 F.3d

17   201, 211-13 (2d Cir. 2005).  Further, under *Tuchsher, supra,* email printouts without

18   foundation are not admissible when deciding whether a plaintiff had probability of

19   prevailing on claims.  106 Cal.App.4th 1219, 1238.  In her declaration at docket entry

20   118, Polgar merely refers to an email that she supposedly read in the past.  In a docket

21   entry not referenced by Polgar in her Opposition [D.E. 185, Ex. E], attorney Whitney

22   Leigh attaches a print-out from a doctored –and redacted—email, with no foundation at

23   all provided by Mr. Leigh.  As this evidence cannot be authenticated, the Court should

24   not consider this evidence.

25       Further, the stolen email attached to Leigh's declaration is protected by the

26   attorney-client privilege, and should not be considered by the Court.  This issue has

27   been fully briefed in the USCF's objections to evidence [D.E. 155], and in the USCF

28   opposition [D.E. 205] to Polgar's recent motion to compel.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    Lastly, the stolen email attached to Leigh's declaration should be disregarded

2    because it is stolen.  The general rule regarding unlawfully obtained evidence in federal

3    court is that such evidence will be excluded when the procurement of the evidence

4    violated federal protections.  *See Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665-66 (9th

5    Cir. 2003).  This issue was also fully briefed in USCF's objections to evidence [D.E. 155].

6    To summarize, Polar has not presented any admissible evidence in support of her

7    Opposition.   Polgar's general referral to the prior "record" in this case is simply

8    insufficient.  Most of Polgar's arguments are bare statements unsupported by affidavits.

9    Her arguments regarding *ultra vires* acts are made in a motion filed prior to the

10   comprehensive ratification of prior acts by the USCF Board of Delegates.  And, finally,

11   many of Polgar's arguments are based upon print-outs of emails that are impossible to

12   authenticate, which have been blatantly altered, which are protected by the attorney-

13   client privilege, and which are the product of a criminal act of theft, and, accordingly,

14   these emails must be disregarded by the Court.

15       ***a. Polgar's abuse of process and fiduciary duty claims are moot due to the
         comprehensive and unanimous ratification of prior acts and denial of
16       Polgar's indemnification request by the USCF Board of Delegates.***

17   On August 8-9, 2009, the USCF Board of Delegates held its annual meeting.  At

18   this meeting, the Board of Delegates unanimously ratified all prior acts of the USCF

19   Executive Board, and of the USCF Executive Director, related to this litigation and

20   Polgar's indemnification requests.  (Supplemental Response by Plaintiffs to Civil Minute

21   Order Dated April 13, 2009, RE: a) Comprehensive Ratification of USCF Board of

22   Delegates of all Acts of USCF Executive Board, B) Expulsion of Susan Polgar from the

23   U.S. Chess Federation, and c) Denial of Polgar's Indemnification Requests [D.E. 181] at

24   2.)   At the meeting, the Executive Board informed the Board of Delegates about a)

25   multiple Executive Board ratification resolutions made over the past year, b) the

26   allegations by Polgar that that Executive Board members and their counsel had acted in

27   an Ultra Vires manner, c) the allegations by Polgar that Executive Board members were

28

1   "interested parties" and thus should not manage litigation involving Polgar, d) the

2   allegations by Polgar that conflicts of interest of USCF's counsel had not been properly

3   disclosed and waived, and e) a significant amount of other background information

4   about the litigation involving the USCF and Polgar pending in multiple states.  (*Id.*)  After

5   full consideration of the matter, the Board of Delegates unanimously ratified all prior acts

6   of the Executive Board and approved of all conflicts.  (*Id.* at 3.)

7       Polgar's abuse of process and breach of fiduciary duty claims are based largely

8   upon the USCF Executive Board purportedly not having the authority to file the Doe

9   action, amend the action to name Polgar, spending money on litigation without Board of

10  Delegates approval, attempting to "self-ratify" their actions, circumventing organizational

11  procedures and failing to disclose conflicts of interest to the Board of Delegates.  (Polgar

12  Counterclaims ¶¶42-47, 56-63.)  The Board of Delegates' unanimous ratification moots

13  all of the forgoing arguments by Polgar.

14      Polgar does not explain why the ratification does not cripple her claims.  She

15  states that, "this argument is deeply mistaken," without providing any authority to support

16  her position.  (Opposition at 8.)  Accordingly, Polgar's claims must fail due to the

17  unanimous ratification.

18      ### b. Polgar has not submitted any evidence of ulterior motive for her abuse
         of process counterclaim.

19

20      Polgar has failed to produce any evidence to support her abuse of process claim.

21  "To succeed in an action for abuse of process, a litigant must establish two elements:

22  that the defendant (1) contemplated an ulterior motive in using the process; and (2)

23  committed a willful act in the use of the process not proper in the regular conduct of the

24  proceedings."  *Brown v. Kennard*, 94 Cal.App.4th 40, 44 (2001); *see also, Oren Royal*

25  *Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal.3d 1157, 1168

26  (1986) (explaining that an ulterior purpose is a fundamental element of the tort of abuse

27  of process).

28      Simply put, Polgar has no evidence of ulterior motive to support her claim.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   Instead, she relies entirely on unsupported argument and innuendo.  Polgar argues that

2   because she knows of no new evidence that was obtained between the filing of the Doe

3   complaint and the amendment of the complaint to add her as a party, that there must

4   have been an ulterior motive behind the original complaint.  This argument is insufficient.

5   Moreover, Polgar completely ignores two declarations that directly controvert her claim.

6   USCF Executive Director Bill Hall and attorney Karl Kronenberger both submitted

7   declarations in support of their anti-SLAPP motions that explained a) that there was no

8   intent to name Polgar as a defendant at the time the Doe complaint was filed; b) that

9   with its Doe discovery the USCF discovered that Gregory Alexander, Polgar's business

10  partner and agent, gained unauthorized access to Hough's email account; and c) that

11  Alexander's theft in combination with Polgar's exclusive possession of the stolen emails

12  formed a good faith basis for naming Polgar and Alexander as defendants.  (Declaration

13  of Bill Hall in Support of Anti-SLAPP Motion ¶3 [D.E. 197]; Declaration of Karl

14  Kronenberger in Support of Anti-SLAPP Motion ¶2 [D.E. 212].)  Polgar has no evidence

15  of ulterior motive, and accordingly her abuse of process claim must fail.

16  **V.  The USCF has turned over all relevant discovery documents to Polgar, and
        accordingly there is no reason to delay a decision on the Motion.**

17

18          Polgar claims that she "has not had a fair opportunity to conduct discovery of her

19  claims" and that "plaintiffs have improperly withheld discovery related to those claims."

20  (Opposition at 6.)  Shockingly, Polgar then asserts that, "[t]o date, plaintiffs have not

21  produced *any* documents in response to Ms. Polgar's document requests."  (Opposition

22  at 7.) (emphasis by Polgar's counsel.)

23          Polgar's assertion is false, and it is unclear why Polgar's counsel would make

24  such a statement.  The USCF has produced 1114 documents to Polgar in this action,

25  which include both paper documents and media files.  (Declaration of Karl Kronenberger

26  in Support of Reply to Motion to Strike Claims Against Third Party Defendants

27  Goichberg, Hall, Bauer, Berry and Counter-Defendant Hough Under Cal. Code of Civ.

28  Proc. 425.16 (Anti-SLAPP Motion) ("Kronenberger Decl.") ¶2.)  These documents have

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    been Bates-Numbered USCF000001-USCF001114.  (*Id.* & Ex. A.)  Recent document

2    productions have included exactly what Polgar has requested, including documents

3    related to USCF Executive Board meetings after April 12, 2009, documents provided to

4    the USCF delegates at the annual meeting in August 2009 related a) to the delegates'

5    later unanimous ratification of all acts related to all outstanding litigation, b) to the

6    delegates unanimous denial of Polgar's indemnification request, and c) to the expulsion

7    of Polgar and Truong from the USCF.   (*Id.* ¶3 & Ex. A.)  The USCF has provided Polgar

8    with all of the documents provided to the USCF Board of Delegates for the August 8-9,

9    2009 annual meeting, even though she was already in possession of most if not all of

10   those documents.  (*Id.* ¶4. & Ex. A.)  Further, Polgar's counsel has admitted that he has

11   access to video of the annual meeting, available on a third party website, even though

12   Polgar and her counsel, Whitney Leigh, actually attended the meeting.  (*Id.* ¶5.)

13       The documents provided to Polgar in this case are in addition to the 13,617

14   pages of documents produced to Polgar in the Texas action.  The USCF has also

15   produced 47 videos and 17 audio recordings to Polgar in the Texas action.  (*Id.* ¶6 & Ex.

16   A.)

17       The only documents that Polgar does not have in her possession are attorney

18   client privileged documents relating to the USCF's litigation against Polgar in both

19   California and Texas.  Polgar's attempt to obtain these privileged documents is a last

20   ditch effort to gin up evidence where none exists.

21   **VI.    Discovery is stayed unless Polgar can show good cause to obtain more**
22   **         discovery for her anti-SLAPP opposition.**

23       To survive a special motion to strike, Polgar must be in possession of evidence

24   supporting her claim at the time of filing.  Thus, under Code of Civil Procedure §

25   425.16(g), all discovery is staying upon the filing of an anti-SLAPP motion to strike.

26       While Polgar has cited the Ninth Circuit case of *Metabilife Int'l v. Wornich*, 264

27   F.3d 832 (9th Cir. 2001) for the proposition that section 425.16(g) does not apply in

28   federal court, the Ninth Circuit has clarified its ruling in the later case of *Batzel v. Smith*

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

by stating, "[i]f the defendant files an anti-SLAPP motion to strike, all discovery proceedings are stayed. See § 425.16(g). A court may, however, permit specified discovery 'on noticed motion and for good cause shown.' *Id.*" *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir.2003). This clarification has also been recognized by at least one federal district court in California. *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1101 (C.D.Cal. 2004) ("A recent Ninth Circuit decision also recognized that, in connection with proceedings under the anti-SLAPP statute, the court may permit specified discovery on noticed motion and for good cause shown."), *citing, Batzel* at 1024. Another district court in California has explained that *Metabolife's* holding is that undiscovered facts must be <u>essential</u> to plaintiff's argument before a court may grant plaintiff discovery rights after a special motion to strike has been filed by a defendant. *Four Navy Seals v. Associated Press*, 413 F.Supp.2d 1136, 1149 (S.D. Cal. 2005).

While admittedly the USCF has not turned over any attorney-client documents to Polgar, Polgar cannot explain how such attorney-client privileged documents that she seeks are somehow <u>essential</u> to Polgar's argument. Polgar's remaining arguments regarding discovery ring hollow, particularly where Polgar herself is in possession of the evidence supporting her claims.

Respectfully submitted,


Dated: September 14, 2009          KRONENBERGER BURGOYNE, LLP


                                   By:  s/ Karl S. Kronenberger
                                         Karl S. Kronenberger

                                   Attorneys for UNITED STATES OF
                                   AMERICA CHESS FEDERATION, INC.
                                   and RANDALL D. HOUGH

//
//
//

**REPLY TO MOTION TO STRIKE (ANTI-SLAPP)**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   Dated:  September 14, 2009              CESARI, WERNER AND MORIARTY

2

3                                          By:    s/ Kristina L. Velarde
                                                DENNIS F. MORIARTY
4                                               KRISTINA L. VELARDE

5                                          Attorneys for BILL GOICHBERG, BILL
                                           HALL, RANDY BAUER, JIM BERRY and
6                                          RANDALL D. HOUGH

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com