| | |
|---|---|
| GONZALEZ & LEIGH, LLP<br>MATT GONZALEZ (SBN 153486)<br>G. WHITNEY LEIGH (SBN 153457)<br>MATT SPRINGMAN (SBN 252508)<br>Two Shaw Alley, Third Floor<br>San Francisco, CA  94105<br>Telephone:  (415) 512-2000<br>Facsimile:  (415) 512-2001<br><br>Attorneys for Defendant<br>SUSAN POLGAR | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA CHESS FEDERATION, INC., an Illinois not-for-profit corporation, RANDALL D. HOUGH, an individual,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SUSAN POLGAR, an individual, GREGORY ALEXANDER, an individual DOES 1-10, inclusive<br><br>                    Defendants. | Case No. 3:08-cv-05126-MHP<br><br>**DEFENDANT SUSAN POLGAR'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' OPPOSITION TO HER MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Hearing Date:   September 28, 2009<br>Time:                  2:00 p.m.<br>Courtroom:       Courtroom 15, 18th Floor<br>Judge:               Hon. Marilyn Hall Patel |

PLEASE TAKE NOTICE that pursuant to Civil Local Rule 7-11, defendant Susan Polgar hereby requests leave to file a reply to plaintiffs' opposition to Polgar's motion to compel production of documents withheld on an invalid assertion of the attorney client privilege. A copy of the proposed Reply is attached as Exhibit A to the Declaration of Whitney Leigh filed in support of this administrative motion.

### A.   A Written Reply Is Now Possible Because The Hearing On Polgar's Motion To Compel Has Been Re-Scheduled.

Ordinarily, a moving party is entitled to file a reply to an opposition to filed motion. *See* L.R. 7-3(c). Here, a written reply was not initially contemplated due to the fact that Polgar's Motion to Compel was originally scheduled on shortened time, in order to coincide with the previously-set hearing date for Polgar's Motion To Disqualify. On August 10, 2009, the Court granted Polgar permission to file a motion to compel documents withheld by plaintiffs on the grounds of attorney-client privilege. *See* Docket No. 171. The Court, however, had already scheduled Polgar's (fully-briefed) motion to disqualify counsel to be heard on September 14, 2009. In the interests of efficiency, the Court determined to hear Polgar's proposed motion to compel on that same date. Consequently, the Court ordered that Polgar file her motion to compel by August 17, and that any opposition to the motion would be due on August 31. The Court ordered Polgar not to file a written reply, but noted that it would instead allow Polgar to present her reply arguments orally at the hearing. See Docket No. 176 [Transcript of Aug. 10 Proceedings at 11:9-19].

The Court has now re-scheduled the hearing date for Defendant's Motion to Compel, so a written reply is now possible. On August 24, plaintiffs filed three separate motions (to dismiss for failure to state a claim, to dismiss for lack of personal jurisdiction, and to dismiss pursuant to Cal. Code of Civ. Proc. 425.16 (the "Anti-SLAPP") statute. *See* Docket Entries Nos. 189-203. Plaintiffs' calendared these motions to be heard on September 28, 2009. *Id.* The Court subsequently reset the hearing date for Polgar's motions to compel and to disqualify for September 28, 2009. *See* Docket Entry No. 223.

### B.     Good Cause Exists to Allow Ms. Polgar to File a Reply.

Good cause exists to allow Polgar to file a written reply in support of the Motion to Compel for several reasons. First, the Court ordered Polgar to present her reply arguments orally (as opposed to in writing) based upon the previously-set hearing date of September 14, 2009. The continuance of the hearing date to September 28, 2009 extends the time before the motion will be heard, such that a reply may be presented in writing with sufficient time for the Court to consider it before the hearing date.

Second, plaintiffs' opposition to Polgar's motion to compel contains many factual misrepresentations. Plaintiffs took the opportunity afforded them in the opposition to allege, for the first time, numerous factual allegations against Defendant and her counsel which plaintiffs literally refer to in the opposition as "the Scheme." This alleged "Scheme" is comprised of numerous factual misrepresentations and distortions of fact, each of which are unsupported and directly contradicted by competent evidence. Polgar can easily expose and disprove those misrepresentations. But there are so many distortions of fact in the opposition and supporting materials that, in order to fairly respond, Polgar will need to present evidence of her own; that, of course, may more efficiently be done in writing than at oral argument. Ms. Polgar respectfully submits that these misrepresentations and distortions and the evidence contradicting them should be brought to the Court's attention *prior* to the hearing, so that the Court may review them. If the Court permits Polgar to submit a written reply, the Court will then have enough time to consider the evidence in advance of the hearing. Requiring Polgar to refute them orally, in a point-by-point refutation, will inevitably be inefficient, and may subject Polgar to the risk that various of plaintiffs' unfounded allegations will not be corrected on the record. Given the nature of plaintiffs' allegations – including the imputation of acts of impropriety to Polgar and her counsel that plaintiffs must know are untrue – a written response is warranted.

Third, if the Court allows Polgar to file a reply, she will be able to present additional evidence supporting her motion to compel that she received after her motion was filed, and that she was not able to offer earlier through no fault of her own. Specifically, since filing her motion, Polgar has obtained a partial transcript of the USCF's Board of Delegates meeting in

August 2009.  As Polgar sets forth in the proposed reply she files concurrently with this motion, this transcript reveals that plaintiffs referred to, relied upon, and invoked "the advice" of counsel when they met with the Delegates in August of 2009, and attempted to convince the Delegates to "ratify" plaintiffs' actions.  This counsel, and their "advice" and "opinions" which Plaintiffs repeatedly make reference to, are the same attorneys and same communications that are at issue in the Motion to Compel.  In their opposition, plaintiffs baldly asserted that no such waivers had occurred, even while attempting to rely on the Delegate's ratifications they attained based on these statements.  This transcript is further evidence of plaintiffs' waiver of the attorney-client privilege and was not available to Polgar when she filed the Motion to Compel.

Finally, the reply is timely.  Both the Court and plaintiffs will have ten days to review the arguments in advance of the hearing.  Polgar is seeking leave to file her reply a week after she received notice that the Court continued the hearing, and only days after obtaining some of the relevant evidence.

Polgar attempted to obtained plaintiffs' consent to her filing of a written reply, but they refused.  *See* Decl. of G. Whitney Leigh ISO Mot. For Leave To File Reply, Exhs. B-C.

### C.  Conclusion

For the reasons set forth above, Polgar respectfully request the Court's permission to submit her Reply in support of her motion to compel, a copy of which is attached as Exhibit A to the Declaration of G. Whitney Leigh in support of this application.

Respectfully Submitted,

Dated: September 17, 2009                    GONZALEZ & LEIGH, LLP

                                             By: *G. Whitney Leigh /ss/*
                                                 G. Whitney Leigh
                                                 Attorneys for Defendant
                                                 SUSAN POLGAR